# EXHIBIT B

1  COOLEY LLP
   Heidi Keefe (178960)
2  (hkeefe@cooley.com)
   Lowell Mead (223989)
3  (lmead@cooley.com)
   Priya Viswanath (238089)
4  (pviswanath@cooley.com)
   3175 Hanover Street
5  Palo Alto, CA  94304
   Telephone:    (650) 843-5000
6  Facsimile:    (650) 849-7400

7  COOLEY LLP
   Stephen Smith (*Pro hac vice)*
8  (stephen.smith@cooley.com)
   Phillip Morton (*pro hac vice*)
9  (pmorton@cooley.com)
   1299 Pennsylvania Avenue
10 NW, Suite 700
   Washington, DC 20004-2400
11 Telephone:    (202) 842-7800
   Facsimile:    (202) 842-7899

12

   Attorneys for Defendant
13 Apple Inc.

14

15                   UNITED STATES DISTRICT COURT

                     NORTHERN DISTRICT OF CALIFORNIA
16
                     SAN FRANCISCO DIVISION
17

18
   COREPHOTONICS, LTD.,                    Case No. 3:17-cv-06457-JD (lead case)
19                                         Case No. 5:18-cv-02555-JD
                      Plaintiff,
20                                         **DEFENDANT APPLE INC.'S SECOND SET
          v.                               OF INTERROGATORIES TO PLAINTIFF
21                                         COREPHOTONICS, LTD. (NOS. 10-14)**

22 APPLE INC.,

23                    Defendant.

24        Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Apple Inc. ("Apple")

25 hereby requests that Plaintiff Corephotonics, Ltd. ("Corephotonics") answer separately and fully,

26 in writing, under oath, the following interrogatories within thirty (30) days.

27        Unless specifically indicated, or otherwise required by the context in which the terms and

28 names are used, the following instructions and definitions shall apply.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

1.

APPLE'S SECOND SET OF INTERROGATORIES TO
COREPHOTONICS

**I.     DEFINITIONS**

As used herein, the following terms shall have the following meaning:

**1.     "Plaintiff," "Corephotonics," "You," or "Your"** means Corephotonics and its employees, officers, directors, representatives, related entities, affiliates, successors, predecessors, subsidiaries, parents, attorneys, agents, and other entities acting on its behalf."

**2.     "Defendant" or "Apple"** means Apple and all subsidiaries, affiliates, predecessors, companies acquired by, employees, officers, directors, attorneys, and agents.

**3.     "Document"** is defined to be synonymous in meaning and equal in scope with the broadest usage of this term in Federal Rules of Civil Procedure 26 and 34, and specifically includes electronically stored information and communications.  A draft or non-identical copy is a separate document within the meaning of this term.

**4.     Number**.  The use of the singular form of any word includes the plural and vice versa and the terms "any," "all," and "each" shall be construed as "any, all, and each," inclusively.

**5.     Tense**.  The present tense should be construed to include the past and future tense, and vice versa.

**6.     "Asserted Patent"** means a patent that Corephotonics in this action alleges has been infringed by Apple, including without limitation U.S. Patent Nos. 9,185,291 and 9,568,712.

**7.     "Asserted Claim"** and **"Asserted Claims"** refer to the claims of the Asserted Patents that Corephotonics in this action alleges to have been infringed by Apple, including any claims identified as infringed in Corephotonics's operative Infringement Contentions and any amendments, modifications, or supplements thereof.

**8.     "Samsung Corporate Entity"** and **"Samsung Corporate Entities"** encompasses Samsung Electronics Co., Ltd. and all business entities that are direct or indirect subsidiaries or affiliates of Samsung Electronics Co. Ltd., all business entities that include "Samsung" in their English entity name, and all business entities identified at pages 213-218, 307-323, 342-348, and 350-363 of Samsung Electronics Co., Ltd. 2021 Business Report for the Year Ended December 31, 2021                                    (available                                    at https://images.samsung.com/is/content/samsung/assets/global/ir/docs/2021_4Q_Interim_Report_

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

2.

APPLE'S SECOND SET OF INTERROGATORIES TO
COREPHOTONICS

1  vF.pdf.).  For example, without limitation, each of the following is a Samsung Corporate Entity:

2  Samsung Electronics Co., Ltd.; Samsung Electronics Benelux B.V.; Samsung Electro-Mechanics

3  Co., Ltd.; Samsung Display Co., Ltd.; Samsung Semiconductor, Inc.; Samsung (China)

4  Semiconductor Co., Ltd.; Samsung Electronics America, Inc.; and the entities responsible for each

5  of the System LSI Business, Memory Business, and Display Panel Business.

6        **9.**    **"Person"** means any natural person, corporation, partnership, joint venture,

7  association, or any other business, legal, or governmental entity, and any functional division

8  thereof.

9        **10.**    **"All"** and **"each"** shall both be construed as including both all and each.

10       **11.**    **"And"** and **"or"** shall be construed disjunctively and conjunctively as necessary to

11 bring within the scope of the request any information that might otherwise be construed to be

12 outside its scope.

13 **II.**    **INSTRUCTIONS**

14       **1.**    Each interrogatory is to be answered separately, in full, in writing, and under oath,

15 unless all portions of an interrogatory are in good faith objected to, in which event the reasons for

16 all of Your objections shall be stated in detail.  If an objection pertains to only a portion of an

17 interrogatory, or to a word, phrase, or clause contained within such interrogatory, You shall state

18 Your objection to that portion, and shall answer the interrogatory to the extent it is not

19 objectionable.

20       **2.**    If You find the meaning of any term in these interrogatories to be unclear, You

21 should assume a reasonable meaning, state what the assumed meaning is, and respond to the

22 interrogatory on the basis of that assumed meaning.

23       **3.**    The following interrogatories are continuing and You are reminded of Your

24 obligation for timely supplementation pursuant to Federal Rule of Civil Procedure 26(e).

25       **4.**    Please take notice that these instructions are submitted for the purposes of discovery

26 and are not to be taken as waiving any objections which may be made at trial to the introduction of

27 evidence on subjects covered by these interrogatories or as an admission at the trial of the relevance

28 or materiality of any of the matters covered by these interrogatories.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

3.

APPLE'S SECOND SET OF INTERROGATORIES TO
COREPHOTONICS

1    ## III.    INTERROGATORIES

2    **INTERROGATORY NO. 10:**

3    State in detail the complete factual and legal bases for Your contention(s) regarding any

4    damages sought in this lawsuit from Apple, including without limitation the form(s) of damages

5    sought, the amount sought, the complete basis and theories for Your damages claim(s), the smallest

6    salable patent practicing unit, any features You contend drive demand for the Accused Products,

7    any purportedly comparable license agreements, any alleged competition between Corephotonics

8    and Apple, all facts and evidence relevant to each of the factors identified in *Georgia-Pacific v.*

9    *United States Plywood*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), a complete description of the

10   hypothetical negotiation as contemplated by *Georgia-Pacific* for each Asserted Patent and/or

11   Accused Product (including without limitation all applicable date(s) of hypothetical negotiation

12   and all relevant facts and circumstances), an identification by Bates number of the documents You

13   intend to rely upon in support of damages, and the names of any witnesses You intend to rely upon

14   in support of damages.

15   **INTERROGATORY NO. 11:**

16   For each Asserted Claim, state in detail the complete legal and factual bases for

17   Your contention, if any, that the references presented in the claim charts in Apple's

18   Invalidity Contentions do not anticipate and/or render obvious the Asserted Claim, including

19   identifying each limitation You contend is not disclosed by each specific reference and the factual

20   and legal basis for any such contention, identifying the factual and legal basis for any contention

21   that any of the references would not be combined or that the combination would not disclose a

22   limitation of the Asserted Claim, and identifying each reference You contend is not prior art,

23   including the complete factual and legal basis for all such contentions.

24   **INTERROGATORY NO. 12:**

25   State in detail the complete legal and factual bases for Your contention, if any, that the

26   Asserted Claims are not invalid under 35 U.S.C. § 112 for insufficient written description, lack of

27   enablement, and/or indefiniteness, including stating the legal and factual basis for any disagreement

28   with the written description, lack of enablement, and/or indefiniteness arguments in Apple's

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

4.

APPLE'S SECOND SET OF INTERROGATORIES TO
COREPHOTONICS

1  Invalidity Contentions, and citation to any supporting documents (by Bates number), testimony,

2  and other evidence.

3  **INTERROGATORY NO. 13:**

4  State in detail all facts and contentions regarding agreements to which Corephotonics is a

5  party relating to intellectual property and/or assertion thereof (including without limitation license

6  agreements, settlement agreements, covenants not to sue, acquisitions, assignments, litigation

7  funding agreements, agreements relating to patent assertion, agreements involving Longford

8  Capital Fund II, LP, and other agreements relating to patents and/or other intellectual property),

9  including without limitation all facts and contentions relevant to determine whether or not each

10 agreement is a comparable or otherwise relevant agreement in determining damages in this action,

11 and including without limitation all relevant facts and assertions regarding Corephotonics and/or

12 each licensee or other party (for example, regarding accused and/or licensed products, financial

13 information, sales/revenues information, relevant projections, litigation context, or other factors or

14 considerations potentially affecting the license terms) and all relevant contentions regarding the

15 agreement terms (for example, any effective royalty rate, any attribution to one or more particular

16 patent(s) and/or claimed inventions, any attribution to particular licensed products, or any ), and

17 identify with specificity all related evidence.

18 **INTERROGATORY NO. 14:**

19 Describe in detail all past and present relationships between Corephotonics and any

20 Samsung Corporate Entity, including without limitation complete descriptions of all relationships

21 between Corephotonics and Samsung Corporate Entities relating to intellectual property licensing,

22 corporate ownership, intellectual property ownership, financial matters (for example, revenues,

23 profits, debts, credit, and financial holdings), real property ownership, employment, and other

24 corporate and/or business relationships and an identification, by Bates number, of all agreements

25 reflecting or constituting such relationships.

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

5.

APPLE'S SECOND SET OF INTERROGATORIES TO
COREPHOTONICS

Dated:  October 14, 2022

 /s/ Heidi Keefe
COOLEY LLP
HEIDI KEEFE (176960)
(hkeefe@cooley.com)
LOWELL MEAD (223989)
(lmead@cooley.com)
PRIYA B. VISWANATH (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
STEPHEN SMITH (*Pro hac vice*)
(stephen.smith@cooley.com)
PHILLIP MORTON (*Pro hac vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:    (202) 842-7899

*Attorneys for Defendant Apple Inc.*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

6.

APPLE'S SECOND SET OF INTERROGATORIES TO
COREPHOTONICS

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94306. On the date set forth below I served the attached document(s) in the manner described below:

☒  (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Marc Fenster
Benjamin Wang
Brian D. Ledahl
Neil A. Rubin
James S. Tsuei
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
bledahl@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

*Attorneys for Plaintiff Corephotonics, Ltd.*

Executed on October 14, 2022, at Palo Alto, California.

*Tracy Gibbs*

_____
Tracy Gibbs

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

1.

CERTIFICATE OF SERVICE