# EXHIBIT C

COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Stephen Smith (*Pro hac vice*)
(stephen.smith@cooley.com)
Phillip Morton (*pro hac vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD<br><br>**DEFENDANT APPLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF COREPHOTONICS, LTD. (NOS. 39-63)** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Apple Inc. ("Apple") hereby requests that Plaintiff Corephotonics, Ltd. ("Corephotonics") produce the documents and things requested below in accordance with the following Definitions and Instructions herein. The requested documents and things are to be produced within thirty (30) days of the service of these requests, or at such other time as may be mutually agreed upon in writing by counsel for the parties.

1  Documents should be produced at the law offices of Cooley LLP, 3175 Hanover Street, Palo Alto,
2  CA 94304.

3  **I.    DEFINITIONS**

4  As used herein, the following terms shall have the following meaning:

5  **1.**     **"Plaintiff," "Corephotonics," "You," or "Your"** means Corephotonics and its
6  employees, officers, directors, representatives, related entities, affiliates, successors, predecessors,
7  subsidiaries, parents, attorneys, agents, and other entities acting on its behalf."

8  **2.**     **"Defendant" or "Apple"** means Apple and all subsidiaries, affiliates, predecessors,
9  companies acquired by, employees, officers, directors, attorneys, and agents.

10 **3.**     **"Samsung Corporate Entity"** and **"Samsung Corporate Entities"** encompasses
11 Samsung Electronics Co., Ltd. and all business entities that are direct or indirect subsidiaries or
12 affiliates of Samsung Electronics Co. Ltd., all business entities that include "Samsung" in their
13 English entity name, and all business entities identified at pages 213-218, 307-323, 342-348, and
14 350-363 of Samsung Electronics Co., Ltd. 2021 Business Report for the Year Ended December 31,
15 2021 (available at
16 https://images.samsung.com/is/content/samsung/assets/global/ir/docs/2021_4Q_Interim_Report_
17 vF.pdf.).  For example, without limitation, each of the following is a Samsung Corporate Entity:
18 Samsung Electronics Co., Ltd.; Samsung Electronics Benelux B.V.; Samsung Electro-Mechanics
19 Co., Ltd.; Samsung Display Co., Ltd.; Samsung Semiconductor, Inc.; Samsung (China)
20 Semiconductor Co., Ltd.; Samsung Electronics America, Inc.; and the entities responsible for each
21 of the System LSI Business, Memory Business, and Display Panel Business.

22 **4.**     **"Asserted Patent"** means a patent that Corephotonics in this action alleges has been
23 infringed by Apple, including without limitation U.S. Patent Nos. 9,185,291 and 9,568,712.

24 **5.**     **"Document"** is defined to be synonymous in meaning and equal in scope with the
25 broadest usage of this term in Federal Rules of Civil Procedure 26 and 34, and specifically includes
26 electronically stored information and communications.  A draft or non-identical copy is a separate
27 document within the meaning of this term.

28 **6.**     **Number**.  The use of the singular form of any word includes the plural and vice

versa and the terms "any," "all," and "each" shall be construed as "any, all, and each," inclusively.

**7.     Tense**.  The present tense should be construed to include the past and future tense, and vice versa.

**8.     "Person"** means any natural person, corporation, partnership, joint venture, association, or any other business, legal, or governmental entity, and any functional division thereof.

**9.     "All"** and **"each"** shall both be construed as including both all and each.

**10.    "And"** and **"or"** shall be construed disjunctively and conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

## II.    REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 39:**

All Documents regarding the acquisition of Corephotonics by Samsung Electronics (see, e.g., https://corephotonics.com/about/: "In 2019 Corephotonics was acquired by Samsung Electronics"), including all agreements, corporate documentation, and documentation submitted to any governmental authorities regarding the acquisition.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents regarding diligence performed in connection with the acquisition of Corephotonics.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents exchanged or provided between Corephotonics and any Samsung Corporate Entity (including representatives thereof) in connection with the acquisition of Corephotonics, including without limitation diligence documentation (including without limitation any Documents placed in a diligence data room), Documents reflecting or describing Corephotonics and/or any Samsung Corporate Entity, term sheets, draft agreements, and Documents regarding post-acquisition plans and expectations.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents reflecting all valuations, summaries, opinions, appraisals, analyses, or other

descriptions or assessments of any of Corephotonics' litigations against Apple, including without limitation any such description or assessment in connection with the acquisition of Corephotonics.

**REQUEST FOR PRODUCTION NO. 43:**

All agreements between Corephotonics and any Samsung Corporate Entity.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to show the rights that Samsung Corporate Entities have held relating to the Asserted Patents and/or this litigation.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents regarding Corephotonics' role as a Samsung innovation center (see, e.g., https://corephotonics.com/about/: "Following acquisition, Corephotonics is a Samsung innovation center, specializing in cameras and photographical user experience.").

**REQUEST FOR PRODUCTION NO. 46:**

All Documents regarding Corephotonics' operation in collaboration with any Samsung Corporate Entities (see, e.g., https://corephotonics.com/about/: "While remaining an independent company it operates in close collaboration with Samsung System LSI Image Sensor Business").

**REQUEST FOR PRODUCTION NO. 47:**

All Documents regarding Corephotonics' financial relationship(s) with any Samsung Corporate Entity, including without limitation any financial interest held in Corephotonics by any Samsung Corporate Entity, any credit or debt obligations between Corephotonics and Samsung Corporate Entity, and any transfer of revenue or financial interest between Corephotonics and Samsung Corporate Entity.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents regarding Corephotonics' business relationship(s) with any Samsung Corporate Entities.

**REQUEST FOR PRODUCTION NO. 49**

All Documents regarding Corephotonics' reporting relationship(s) with any Samsung Corporate Entities, including organizational charts, descriptions of corporate structure, hierarchy, and reporting relationships, and including all reports, updates, summaries, and other documentation

provided by Corephotonics to any Samsung Corporate Entity.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to describe the ownership of Corephotonics and/or ownership of shares in Corephotonics since the inception of Corephotonics.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to describe the corporate structure of Corephotonics and its affiliates, including Documents sufficient to show all corporate entities with an ownership, control, subsidiary, and/or other corporate relationship with Corephotonics.

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to identify all Persons with input and/or control regarding Corephotonics' business, including without limitation board of directors, advisors, and executives.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show all revenues, profits, costs, margins, balance sheets, financial holdings, credits, and debts of Corephotonics since inception.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents filed or served by or on behalf of Corephotonics in connection with any litigation, patent office proceeding or other adversarial proceeding outside of the United States to which Corephotonics is a party, including without limitation all Documents filed or served by or on behalf of Corephotonics in connection with proceedings in Korea and China.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents obtained by Corephotonics from any party or tribunal (for example, court orders and patent office determinations) in connection with any proceeding outside of the United States relating to intellectual property to which Corephotonics is a party, including without limitation all Documents filed or served in connection with proceedings in Korea and China.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents constituting or reflecting any intellectual property agreement relating to technology relating to cameras and/or lenses, including without limitation any such agreement to which Corephotonics or any Samsung Corporate Entity is a party.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents reflecting all valuations, summaries, opinions, appraisals, analyses, or other descriptions or assessments of Corephotonics' patents and patent applications, including without limitation the patents asserted in this action and any related patents or applications, including without limitation any such description or assessment in connection with the acquisition of Corephotonics.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents reflecting all valuations, summaries, opinions, appraisals, analyses, or other descriptions or assessments of Corephotonics' business separate from or outside of its patents, patent applications, and patent-related litigation (for example, valuations or other descriptions or assessments of value that do not include the value of patents, patent applications, and patent-related litigation), including without limitation any such description or assessment in connection with the acquisition of Corephotonics.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents reflecting all valuations, summaries, opinions, appraisals, analyses, or other descriptions or assessments of Corephotonics' business separate from its patents and patent applications (for example, valuations or other descriptions or assessments of business value that do not include the value of patents and patent applications), including without limitation any such description or assessment in connection with the acquisition of Corephotonics.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents regarding any interest or rights held by any entity other than Corephotonics in the Asserted Patents and/or the outcome of this litigation, including Documents constituting any agreement and Documents reflecting any diligence and/or negotiations relating to any agreement.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents regarding any funding, loan, credit, debt, or other financial arrangement relating to assertion of patents by Corephotonics (for example, any arrangement where a third-party has provided funding to support Corephotonics asserting patents in litigation or in licensing efforts), including without limitation all Documents regarding any litigation funding agreement to which

Corephotonics is a party, including Documents constituting any agreement and Documents reflecting any diligence and/or negotiations relating to any agreement.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents that refer or relate to Longford Capital Fund II, LP or any affiliate thereof, including without limitation all Documents relating to any agreement to which Longford Capital Fund II, LP and Corephotonics are parties and all communications with representatives of Longford Capital Fund II, LP and all Documents relating to UCC Financing Statement Doc # 2018067419 (including Exhibit A thereto) recorded on July 6, 2018 with the Washington DC Recorder of Deeds identifying Corephotonics, Ltd. as debtor and Longford Capital Fund II, LP as secured party.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents that refer, relate to, or constitute a relationship agreement (including any amendment thereto) to which Corephotonics and Russ August & Kabat are parties, including without limitation the "Relationship Agreement" referenced in Exhibit A to UCC Financing Statement Doc # 2018067419 (including Exhibit A thereto) recorded on July 6, 2018 with the Washington DC Recorder of Deeds identifying Corephotonics, Ltd. as debtor and Longford Capital Fund II, LP as secured party.

| | |
|---|---|
| Dated: October 14, 2022 |  /s/ Heidi Keefe<br>COOLEY LLP<br>HEIDI KEEFE (176960)<br>(hkeefe@cooley.com)<br>LOWELL MEAD (223989)<br>(lmead@cooley.com)<br>PRIYA B. VISWANATH (238089)<br>(pviswanath@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA  94304<br>Telephone:     (650) 843-5000<br>Facsimile:      (650) 849-7400<br><br>COOLEY LLP<br>STEPHEN SMITH (*Pro hac vice*)<br>(stephen.smith@cooley.com)<br>PHILLIP MORTON (*Pro hac vice*)<br>(pmorton@cooley.com)<br>1299 Pennsylvania Avenue<br>NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone:  (202) 842-7800<br>Facsimile:    (202) 842-7899<br><br>*Attorneys for Defendant Apple Inc.* |

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94306. On the date set forth below I served the attached document(s) in the manner described below:

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Marc Fenster
Benjamin Wang
Brian D. Ledahl
Neil A. Rubin
James S. Tsuei
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
bledahl@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

*Attorneys for Plaintiff Corephotonics, Ltd.*

Executed on October 14, 2022, at Palo Alto, California.

*Tracy Gibbs*
_____
Tracy Gibbs

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

1.

CERTIFICATE OF SERVICE