# EXHIBIT H

# REDACTED

CONFIDENTIAL – ATTORNEYS' EYES ONLY

COOLEY LLP
Heidi Keefe (176960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

COOLEY LLP
Stephen Smith (*Pro Hac Vice*)
(stephen.smith@cooley.com)
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

*Attorneys for Defendant*
Apple Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>Defendant. | Case No. 3:17-cv-06457-JD (Lead Case)<br>Case No. 5:18-cv-02555-JD<br><br>**APPLE INC.'S RESPONSE TO COREPHOTONICS'S THIRD SUPPLEMENTAL DAMAGES CONTENTIONS [P.L.R. 3-9]** |

CONFIDENTIAL – ATTORNEYS' EYES ONLY

required by Patent L.R. 3-8 prevents Apple from meaningfully addressing Corephotonics's specific damages positions through discovery, investigation, and analysis in this matter.  Apple reserves the right to seek appropriate relief, including without limitation preclusive relief or other appropriate relief, in the event that Corephotonics later attempts to disclose positions that should have properly been disclosed in its Damages Contentions pursuant to Patent L.R. 3-8.  Corephotonics is on notice of its failure to provide a fulsome disclosure compliant with Patent L.R. 3-8 and is on notice that Apple may seek appropriate relief accordingly.  *See, e.g.*, *MLC Intellectual Property, LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1369-73 (Fed. Cir. 2021) (affirming district court order excluding damages-related positions first disclosed by damages expert that were not timely disclosed during fact discovery).

### Apple's Response to Corephotonics' Damages Contentions.

Corephotonics states in its damages contentions that it "is seeking monetary damages at least in the form of a reasonable royalty." (CDC at 1.)  Corephotonics further states that it is "too early" for Corephotonics to determine whether it will seek damages as to convoyed or collateral sales. (*Id.*)  Corephotonics also states that it is not seeking lost profits or price erosion damages. (*Id.*)  Because Corephotonics only provided contentions allegedly addressing a reasonable royalty, Apple will respond to those specific contentions.  Apple does not dispute that, in the event liability were to be found, an appropriate form of damages would be a reasonable royalty.  *See* 35 U.S.C. § 284 ("Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer . . .").  In the event Corephotonics is later permitted to assert other forms of damages, Apple reserves the right to address and respond and/or seek appropriate relief at that time.

Corephotonics states:

> In the absence of expert opinion, Corephotonics has not determined which specific methodology or methodologies (including the hypothetical negotiation method described in *Georgia Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), the analytic method, the income method, the market method, etc., or some combination thereof) should be used in determining a reasonable royalty in this case, but as the *Georgia Pacific* factors encompass in some respects all of these methods, this response will reference the *Georgia Pacific* factors in discussing the determination of a reasonable royalty.

(CDC at 2.)  However, Corephotonics does not discuss specific *Georgia-Pacific* factors in its contentions other than referencing a purported hypothetical negotiation between Corephotonics and

CONFIDENTIAL – ATTORNEYS' EYES ONLY

Apple. Apple reserves the right to respond and/or seek appropriate relief if and when Corephotonics provides a specific methodology for determining a reasonable royalty and provides damages contentions that specifically reference, analyze, and provide supporting positions as to particular *Georgia-Pacific* factors.

Corephotonics states that the "parties to a hypothetical negotiation are Apple and Corephotonics." (CDC at 2.) Based on the information currently available to Apple, Apple agrees that Apple and Corephotonics are the appropriate parties for a hypothetical negotiation. Apple also notes that, based on publicly available information, Corephotonics was acquired by a Samsung corporate entity in or around 2019, and Corephotonics in this case accuses Apple products that were first released after that acquisition. Corephotonics is currently withholding discovery relating to the Samsung acquisition and other Samsung-related subject matters, which is the subject of a dispute pending before the Court where Apple has moved the Court to compel Corephotonics to produce responsive Samsung-related discovery (Dkt. No. 163). Apple reserves the right to respond further in view of further discovery, information, and analysis, including but not limited to supplementing the relevant parties at hypothetical negotiation to include Samsung corporate entities. Depending on the content of Samsung-related discovery Corephotonics is withholding, additional points may also be relevant and may exert downward pressure on any reasonable royalty analysis and may demonstrate a royalty-free license for the accused products under the asserted patents in view of relationships between Apple and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and other provisions.

Corephotonics then contends that the date of the hypothetical negotiation will be the date of Apple's first infringement, suggesting that there is one hypothetical negotiation date for all accused products and asserted patents. Corephotonics states:

> Based on the information reasonably available to Corephotonics at this time, the date of the hypothetical negotiation will be the date of Apple's first infringement, which Corephotonics contends was prior to the public announcement of the Apple iPhone 7 Plus, which was September 7, 2016, and at least as early as the date that the '291 patent issued, November 10, 2015.

CONFIDENTIAL – ATTORNEYS' EYES ONLY

- Damages contentions from Corephotonics' compliant with Patent L.R. 3-8, including identification of the categories of damages it is seeking, Corephotonics' theories of recovery, and factual support for Corephotonics' theories and computations of damages.
- Discovery regarding Corephotonics' licensing policies, licensing history, attempts to license the Asserted Patents, any allegedly patent-practicing products and date(s) of first alleged infringement.
- Discovery from Corephotonics regarding any valuation of its intellectual property, including the Asserted Patents.
- Discovery regarding the acquisition of Corephotonics in or about 2019 by a Samsung corporate entity, including without limitation discovery regarding associated negotiations, diligence, and terms and regarding Samsung's valuation of the asserted patents, related patents, and this litigation.
- Discovery regarding Samsung's corporate structure and Corephotonics's corporate relationships to and agreements with other Samsung entities.
- Discovery subject to, and discovery that may be provided as a result of a ruling on, Apple's pending motion to compel Corephotonics to produce responsive Samsung-related discovery (Dkt. No. 163).
- Discovery regarding any litigation funding agreement, recovery-sharing agreement, or other agreement relating to Corephotonics' assertion of patents against Apple, including discovery regarding associated negotiations, diligence, and terms, and including without limitation any agreement involving Longford Capital Fund II, LP and/or the Russ August & Kabat law firm.
- Discovery regarding the royalties received by the patent owner for licensing the Asserted Patents, proving or tending to prove an established royalty.
- Discovery regarding Corephotonics' business related to the products that may practice the Asserted Patents.
- Discovery regarding the value of the alleged inventions claimed in the Asserted Patents as a generator of sales of Corephotonics' non-patented items and the extent of such derivative or conveyed sales.

CONFIDENTIAL – ATTORNEYS' EYES ONLY

- Discovery regarding the utility and advantages of the patented invention(s) over the old modes or devices.
- Discovery regarding the nature of the patented invention(s), the character of the commercial embodiment(s) of the patented invention(s) as owned and produced by Corephotonics, and the alleged benefits to those who have used the patented invention(s).
- Discovery regarding customary royalties for the patented invention(s) in the particular business or in comparable businesses for use of the invention(s) or analogous invention(s).
- Discovery regarding the portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the alleged infringer.
- The opinion testimony of qualified expert witness(es).

DATED:  May 9, 2023

Respectfully submitted,

COOLEY LLP

By: /s/ Heidi Keefe
Heidi Keefe (176960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
COOLEY LLP
3175 Hanover Street
Palo Alto, California  94304
Telephone:(650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Stephen Smith (*Pro Hac Vice*)
stephen.smith@cooley.com
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

*Attorneys for Defendant*
Apple Inc.

CONFIDENTIAL – ATTORNEYS' EYES ONLY

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the District of Columbia. I am employed in Santa Clara, California. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304. On the date set forth below, I served the foregoing document in the manner described below:

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Marc A. Fenster
mfenster@raklaw.com
Benjamin T. Wang
bwang@raklaw.com
Brian D. Ledahl
bledahl@raklaw.com
Neil A. Rubin
nrubin@raklaw.com
James S. Tsuei
jtsuei@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Corephotonics, Ltd.*

Executed on May 9, 2023, at Palo Alto, California.

*Tracy Gibbs* (signature)

_____
Tracy Gibbs