RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mfenster@raklaw.com
Brian D. Ledahl, State Bar No. 186579
bledahl@raklaw.com
Neil A. Rubin, State Bar No. 250761
nrubin@raklaw.com
James S. Tsuei, State Bar No. 285530
jtsuei@raklaw.com
Peter Tong, State Bar No. 300347
ptong@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
COREPHOTONICS, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>               Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>               Defendant. | Case No. 3:17-cv-06457-JD (Lead Case)<br>Case No. 5:18-cv-02555-JD<br><br>**COREPHOTONICS, LTD.'S RESPONSE IN OPPOSITION TO APPLE INC.'S MOTION TO AMEND ANSWER**<br><br>Date: December 14, 2023<br>Time: 10:00 AM<br>Courtroom: 11<br>Before: Hon. James Donato |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................1

II. APPLE'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED........................2

   A. Apple's Motion Seeks To Add A New Affirmative Defense Not Previously Alleged........................................................................................................2

   B. Apple's Motion Should Be Denied As Untimely ........................................................4

      1. The Motion Should Be Considered Under The Good Cause Standard Of Rule 16.............................................................................................4

      2. Regardless Of The Standard, Apple's Request To Amend Is Untimely ...........................................................................................................5

   C. Apple's Proposed Amendment Would Unfairly Prejudice Corephotonics .............8

   D. Apple's Proposed Amendment Should Be Rejected As Futile...............................9

III. CONCLUSION....................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Anand v. Lexington Law LLC*,
    2018 WL 6045204 (N.D. Ill. Nov. 19, 2018) ............................................................... 5

*Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*,
    750 F.2d 903 (Fed. Cir. 1984) .................................................................................... 3

*Carborundum Co. v. Molten Metal Equipment Innovations, Inc.*,
    72 F.3d 872 (Fed. Cir. 1995) ...................................................................................... 3

*Coleman v. Quaker Oats Co.*,
    232 F.3d 1271 (9th Cir. 2000) .................................................................................... 5

*Edmonson v. Desmond*,
    551 Fed. App'x 280 (7th Cir. 2014) ............................................................................ 5

*Foman v. Davis*,
    371 U.S. 178 (1962) ................................................................................................... 8

*Hutter v. Countrywide Bank, N.A.*,
    41 F.Supp.3d 363 (S.D.N.Y. 2014) ............................................................................ 9

*Johnson v. Mammoth Recreations*,
    975 F.2d 604 (9th Cir. 1992) ..................................................................................... 5

*Scramoge Techology Ltd. v. Apple, Inc.*,
    2023 WL 3168322 (N.D. Cal., Apr. 17, 2023) ................................................ 10, 11, 12

*Spiundelkfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*,
    829 F.2d 1075 (Fed. Cir. 1987) .................................................................................. 2

*Synopsys, Inc. v. Ricoh Co., Ltd.*,
    2005 WL 3370010 (N.D. Cal., Dec. 12, 2005) ........................................................... 5

**Statutes**

35 U.S.C. § 286 ................................................................................................................ 3, 4

35 U.S.C. § 287 ................................................................................................................ 3, 4

35 U.S.C. § 288 ................................................................................................................ 3, 4

**Rules**

Federal Rule of Civil Procedure 15 ....................................................................... 4, 7, 8, 9

Federal Rule of Civil Procedure 16(b)(3) ............................................................................ 5

Federal Rule of Civil Procedure 16(b)(4) ......................................................................... 4, 5

I.   **INTRODUCTION**

Apple seeks leave to amend its answer after the end of fact discovery. While Apple characterizes this amendment as merely adding detail to the existing defenses, that characterization is wrong. Instead, Apple seeks to add an entirely new license defense. Apple's motion should be denied[1] for numerous reasons.

First, Apple's request to amend is woefully untimely. Apple has known of this purported defense since at least March of 2023, but Apple waited more than six months to seek leave to add it to this case after fact discovery will end.

Second, Apple's request is deeply and unfairly prejudicial to Corephotonics. Because fact discovery is already over, permitting Apple to allege a new defense now would preclude Corephotonics from taking discovery about that defense. While Apple suggests that it is only "clarifying" defenses that were previously alleged, that is not true. For example, Apple suggests that it is supplementing either its first affirmative defense of non-infringement (which is not an affirmative defense) and its alleged equitable defenses and statutory limitations on damages. But throughout discovery, Apple has never suggested that any of these defenses were based on a purported license.

Finally, Apple's new proposed defense should be rejected for futility. Apple claims to have rights to practice all patents owned by Corephotonics because Apple has an agreement with an entity called ███████████████████████████████. Apple contends that 1) its agreement with ███████████████████████████████████████████████████████████████, and 2) that Corephotonics is a "Related Entity" of ███████. Even if the first assertion were proven, Apple cannot establish the second component because even the evidence Apple submits with its motion confirms that Corephotonics is not a "███████████" of SEMCO. Corephotonics is a subsidiary of Samsung

---

[1] Apple also seeks to amend its answer as to certain patents that are no longer asserted in this case. While such amendments are entirely unnecessary, Corephotonics has no objection to those specific amendments.

Electronics, Benelux, B.V. ("Samsung Benelux"). Samsung Benelux is a subsidiary of Samsung Electronics Company ("SEC"). The ▮▮▮ agreement on which Apple relies for its defense defines "Related Entity" as an entity that controls, is controlled by, or is under common control with another entity. SEMCO is not under common control with SEC, Samsung Benelux, or Corephotonics. SEC owns far less than a controlling interest in ▮▮▮, as confirmed by the very documents cited in Apple's proposed amended pleading. For this reason alone, Apple's amendment is futile. Apple's argument here bears remarkable similarity to an argument Apple presented to Judge Corley of this district. Judge Corley rejected Apple's argument there, just as this Court should in this case.

## II.  APPLE'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED

### A.  Apple's Motion Seeks To Add A New Affirmative Defense Not Previously Alleged

Apple's motion and proposed amended answer attempt to shoehorn its new allegations under two of the defenses pleaded in its answer: noninfringement and equitable defenses. Instead, what Apple is asserting is a separate license defense. It is arguing that by virtue of an Apple agreement with ▮▮▮, it has the right to practice Corephotonics' patents without consequence. That is clearly a license defense. Indeed, when Apple wrote to the Court in March seeking production of documents relating to the acquisition of Corephotonics' shares by Samsung Benelux, Apple asserted that the documents it sought "are independently relevant to a license defense that may shield Apple." Dkt. # 163 at 2.

Apple now characterizes its defense as an agreement not to sue Apple for patent infringement. As the Federal Circuit explains "a patent license agreement is in essence nothing more than a promise by the licensor not to sue the licensee." *Spiundelkfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987). Thus, whatever labels Apple tries to apply, its proposed defense is a license defense.

A defense of license, whether express or implied is an affirmative defense on which an accused infringer bears the burden of proof. *Carborundum Co. v. Molten Metal Equipment*

*Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995); *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 924 (Fed. Cir. 1984). License is not an aspect of non-infringement, but rather a separate affirmative defense even if infringement exists. Infringement is an issue on which the patentee bears the burden of proof, and non-infringement is not an affirmative defense.

In seeking to inject its license defense into its amended pleading, Apple tries to characterize it as both part of its previously pled non-infringement defense and also into its vaguely alleged "equitable defenses" and into its defense of "Limitation on Damages" based on 35 U.S.C. §§ 286, 287, and 288. None of these characterizations is correct. Presumably Apple seeks to avoid simply pleading a new affirmative defense because the prejudice from adding a new affirmative defense at this stage (after discovery has closed) is obvious. Despite Apple's characterizations, adding an entirely new affirmative defense is exactly what it seeks.

As noted above, Apple's first alleged defense of non-infringement is not even an affirmative defense. Presumably Apple would not suggest that it bears the burden of proof regarding non-infringement. But license is an affirmative defense. Apple cannot credibly claim that its proposed new affirmative defense of license is fairly encompassed by its pleading's assertion of non-infringement. Further, until it brought this untimely motion, Apple never suggested that its license theory was some species of non-infringement. Corephotonics propounded an interrogatory seeking the bases for Apple's allegations of non-infringement, and Apple never suggested in response that its allegations were based on a purported license right.[2]

Apple's new proposed license defense also is not encompassed by the third defense category of "Equitable Defenses." In its prior pleading, Apple alleged vaguely that "Corephotonics' claims are barred, in whole or in part, by estoppel, acquiescence, waiver, unclean hands, and/or other equitable defenses." Apple's pleading provided no elaboration on such allegations. Corephotonics propounded an interrogatory seeking the basis for this defense long

---

[2] On the night of the discovery cutoff after 9:00 P.M., Apple served supplemental interrogatory responses purporting to add this assertion for the first time.

ago. Apple never identified any such basis during the discovery period.[3] More important to this motion, Apple cites no authority that a license defense – a defense purportedly based on an agreement not to sue Apple for infringement – is a species of any of the equitable defenses vaguely identified only by name in its prior pleadings. Apple purports to allege a defense based upon an express written agreement. That is not an equitable defense and Apple cites no authority suggesting otherwise.

Apple's new defense also does not arise as a "limitation on damages" under Sections 286-287 of the Patent Act. Section 286 contains the operative limitations period for claims of patent infringement. Section 287 contains the provisions of the patent act applicable to marking. Section 288 relates to the award of costs in an action for infringement of a patent where a claim is invalid and another claim or claims are valid. None of these statutory sections have the slightest connection to a license defense like the new defense Apple seeks to assert.

The only fair characterization of Apple's requested amendment is that it seeks to allege a new affirmative defense of license—just as it previewed in its March 1 letter to the Court. Apple's reluctance to honestly characterize its new allegations confirms that, when fairly described, the proposed amendment should be rejected.

### B. Apple's Motion Should Be Denied As Untimely

#### 1. The Motion Should Be Considered Under The Good Cause Standard Of Rule 16

Apple argues that its motion should be considered under the more liberal amendment standard of Federal Rule of Civil Procedure 15 because this Court never set a specific deadline for the amendment of pleadings. While Apple cannot satisfy even the standards of Rule 15, its motion must be considered under the more rigorous good cause standards of Federal Rule 16(b)(4). Apple brought this motion on November 6, less than two weeks before the close of fact discovery, to be

---

[3] As with its non-infringement arguments, Apple served another supplemental interrogatory response to Corephotonics' interrogatory after 9:00 P.M. on the last day of the discovery period purporting to recite (for the very first time) more than eight pages of the purported nature of its so-called "equitable defenses." Corephotonics will separately move to strike these improper and untimely assertions.

Case No. 3:17-cv-06457-JD                           4
**RESPONSE IN OPPOSITION TO APPLE INC.'S MOTION TO AMEND ANSWER**

decided after fact discovery ends. Federal Courts routinely hold that a motion for leave to amend a pleading after the close of fact discovery (which is what Apple requests) must be considered under Rule 16, even if the Court has not set a separate deadline for amending pleadings. *See Anand v. Lexington Law LLC*, 2018 WL 6045204, *1 (N.D. Ill. Nov. 19, 2018) ("Even if the parties had not agreed on a deadline for amended pleadings, Anand's motion must satisfy Rule 16 because it requires a reopening of discovery."), citing *Edmonson v. Desmond*, 551 Fed. App'x 280, 282 (7th Cir. 2014). While Corephotonics has not located comparable Ninth Circuit authority, the reasoning in the Seventh Circuit is obviously persuasive. Even if the Court set no separate deadline for amendment of pleadings, it is appropriate to construe the fact discovery cutoff as the latest possible point when amendment is appropriate, particularly given that under Federal Rule of Civil Procedure 16(b)(3), a scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Apple argues that because the Court set no separate deadline for amendment, that it may freely amend its pleadings at any time while the case remains pending. No authority supports such an argument.

### 2. Regardless Of The Standard, Apple's Request To Amend Is Untimely

Under Federal Rule 16(b)(4), Apple must make an affirmative showing of good cause to support its request for amendment. This standard primarily considers the diligence of the moving party (Apple) in requesting the amendment. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291 (9th Cir. 2000); *Synopsys, Inc. v. Ricoh Co., Ltd.*, 2005 WL 3370010, *1 (N.D. Cal., Dec. 12, 2005). This good cause standard under Rule 16 requires the moving party to make a showing as to why they did not amend the pleadings prior to the amendment deadline (or before the close of fact discovery). *Synopsis*, *supra* at *1; *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end." *Id.*

Apple fails to make the requisite showing here to support its proposed amendment. Apple knew all of the information on which it bases its purported defense more than six months before it even sought leave to amend. Apple generally alluded to its contemplated license defense in its March 1, 2023 letter to the Court. Dkt. #163. But Apple also provided a more detailed description of its proposed defense in a March 13, 2023 email from its counsel. There, it spelled out all of the same allegations that are now presented in its proposed amended complaint. Mead Decl., Ex. D. That email specifically referenced the same ▮▮▮▮ agreement that Apple identifies in its proposed amended pleading, which was an Apple agreement that Apple knew about long before (the agreement is dated in 2015). Apple's March 13 email also asserted that Corephotonics is a wholly owned-subsidiary of Samsung Benelux, and that Samsung Benelux is a wholly-owned subsidiary of SEC. Apple also asserted in that email that SEC and ▮▮▮▮ are under common control. *Id.* Apple concedes in its motion papers that it "explained the grounds for its defense" in March 2023. Apple Motion at 7. As referenced in the email, the parties had a telephone conference of counsel about this issue on the same day. Apple's counsel further explained that it believed that it had a license defense based upon the language of section ▮▮▮ of the ▮▮▮▮ agreement (the same section cited in Apple's proposed amended pleading). Ledahl Decl., ¶ 7; Dkt. 192-6. During that conference, Corephotonics explained that it did not believe that Apple's assertions were meritorious. Ledahl Decl., ¶ 7.

Between March 13, 2023 and October 18, 2023, Apple did nothing regarding this issue. Apple's operative answer in this matter did not allege any defense of license. Corephotonics believed that Apple had abandoned this line of argument as futile after investigating the facts because Apple took no steps to add a license defense to its operative pleading. On October 18, Apple for the first time indicated its intention to move to amend its answer to add its license defense in an email message. Ledahl Decl., Ex. 1. Thus, Apple waited more than six months before suggesting it intended to seek to add a license defense to its pleading.

Apple suggests in its motion that its new proposed pleading is somehow based on Corephotonics' production of the Share Purchase Agreement by which Samsung Benelux acquired the shares of Corephotonics. But Apple cannot identify any information it learned in that

agreement (or in any other discovery) after March 2023 that somehow was needed for it to allege a license defense.  Apple was aware of the ownership of all Corephotonics stock by Samsung Benelux in March.  It asserted that fact in its March 13 email.  Apple obviously did not need the Share Purchase Agreement to know this information.  Comparing Apple's proposed amended pleading to its March 13 email shows that Apple already had all of the information it now relies upon—more than six months before even suggesting an intention to seek to amend its pleading.[4]

Apple's delay of more than six months in seeking to amend its answer to allege a license defense is unreasonable.  Under the applicable Rule 16 standard, Apple must show good cause why it did not submit its proposed amendment in March 2023.  Apple's only argument regarding good cause is to point to the production of the Share Purchase Agreement.  Apple Motion at 9.  But, as noted above, Apple's proposed amendment relies on nothing from that agreement.  Apple relies only on assertions that were all contained in its March 2023 email.  Apple offers no coherent explanation for its delay until October 18 to first raise even the possibility of amending its answer to allege this defense.

Even under the more generous "undue delay" standard of Rule 15, Apple's motion would fail.  Apple delayed more than six months in even identifying its intention to amend its pleading until October 18.  The timing of October 18 is strategically unfair.  Apple sent its message on the evening of October 18.  Discovery closed on November 17, 2023.  Dkt. # 175.  Thus, any written discovery was required to be propounded no later than October 18, 2023 (30 days before the cutoff).  By carefully waiting until the night of October 18 to first raise its proposed amendment, Apple made it impossible for Corephotonics to propound any written discovery about this purported new defense.  Then, Apple waited until November 6 to actually bring its motion, further guaranteeing that the motion could not be decided until well after the close of discovery.  In fact, Apple's motion is set for hearing the day before opening expert reports are due.  Such delays, which impair Corephotonics' ability to have a fair opportunity to take discovery on Apple's

---

[4] Apple suggests that it learned of the composition of Corephotonics board of directors more recently, but that composition has nothing to do with the grounds of Apple's proposed defense, and is never mentioned in its proposed amended pleading.

proposed new license defense, constitute precisely the kind of bad faith or strategic delay that is forbidden even under the standards of Rule 15.

### C. Apple's Proposed Amendment Would Unfairly Prejudice Corephotonics

Under the correct Rule 16 analysis, no showing of prejudice is needed to deny Apple's proposed amendment. Failure to show good cause for the delay alone is sufficient. Prejudice to the non-moving party merely adds to such a failure in weighing against permitting an amendment. Under Rule 15, prejudice is a primary consideration. Denial of a proposed amendment is appropriate where it would impose undue prejudice on the other party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the timing of Apple's proposed amendment is significantly and unduly prejudicial to Corephotonics. As discussed above, Apple requests that its answer be amended to add an entirely new defense after fact discovery is already closed. Under such circumstances, either 1) Corephotonics would have no opportunity to take fact discovery regarding Apple's defense or 2) Discovery would have to be reopened, injecting unknown delay. Either of these is unduly prejudicial to Corephotonics. If Apple is permitted to assert a new defense with no opportunity for discovery, Corephotonics would be unable to propound discovery on the various entities referenced in Apple's proposed amended answer, including Samsung Electronics and ███. For example, Corephotonics cannot pursue discovery of either entity as to whether either had the authority to convey the type of rights Apple alleges and as to their interpretation of the agreement on which Apple relies. When Apple dropped this argument for more than six months, Corephotonics presumed that Apple had abandoned this license theory due to futility (because it lacks any merit as explained in Section D, below). Further, Federal Rule of Civil Procedure 26 provides that discovery must be relevant to a claim or defense at issue in the case. There was no license defense at issue in this case, making such discovery outside the proper scope of Rule 26 and inappropriate for Corephotonics to propound. Further, if Apple's new defense were permitted, Corephotonics would likely be forced to engage additional experts. Given the timing (this motion is not set to be considered until the day before opening expert reports are due), that presents still

more unfair prejudice to Corephotonics. Thus, Corephotonics would be unduly prejudiced if Apple's amendment were permitted.

If Apple's proposed amendment were permitted and discovery were reopened, that would also be unfairly prejudicial to Corephotonics. Such a situation would inject further delay into a case that has already been pending for approximately six years, and which Apple has repeatedly sought to delay through serial attempts to invalidate the patents in suit through collateral proceedings at the patent office. As Corephotonics has explained previously, the long pendency of this case and Apple's ongoing infringement has, among other harms, impaired Corephotonics' ongoing business activites. *See* Dkt. # 106 and accompanying Decl. of Eran Kali. Still further delay would add to this injury. Where, as here, the delay is entirely caused by Apple's dilatory conduct, such prejudice is particularly unfair.

The prejudice to Corephotonics from the proposed amendment provides an additional reason for the Court to deny leave to amend under either the applicable standards of Rule 16, but also even under the standards of Rule 15.

### D. Apple's Proposed Amendment Should Be Rejected As Futile

Another reason to deny Apple's requested amendment is futility. If the proposed amendment would be futile, it should not be permitted. Ordinarily, questions of futility for an amended pleading are considered under the standards of motions to dismiss under Rule 12(b)(6). Under such a standard, the Court accepts all factual allegations as true, though it may consider documents identified in the pleading in such an inquiry. However, when leave to amend is sought after the close of discovery (as here), it is appropriate for the Court to consider futility under the summary judgment standard, which requires Apple to show that it presents triable issues of fact. *Hutter v. Countrywide Bank, N.A.,* 41 F.Supp.3d 363, 371-372 (S.D.N.Y. 2014) ("To determine futility, courts apply the summary judgment standard 'when the motion to amend is filed after the close of discovery and the relevant evidence is before the court."), *aff'd in relevant part*, 710 Fed.Appx. 25 (2d Cir. 2018).

Here, under either standard, Apple's proposed amendment fails as hopelessly futile. Apple's proposed license defense essentially asserts as follows: 1) Apple has a written agreement

| | |
|---|---|
| 1 | with ▇▇▇ that provides a license to Apple that ▇▇▇ |
| 2 | ▇▇▇; and 2) that Corephotonics is a ▇▇▇ |
| 3 | Entity" of SEMCO and therefore is bound by the agreement.  While Corephotonics does not |
| 4 | concede any of these components, for purposes of this motion only, Corephotonics will solely |
| 5 | focus on the second component.  Apple cannot establish that Corephotonics is a "Related Entity" |
| 6 | of ▇▇▇ that is bound in any way by the agreement. |

      As an initial matter, it appears that Apple tries to obtain these kind of overreaching agreements from suppliers on a regular basis, and then claim that it has magically obtained rights not just from its supplier, but also from other companies only tangentially connected to its supplier. Judge Corley considered and rejected a very similar assertion by Apple in *Scramoge Techology Ltd. v. Apple, Inc.*, 2023 WL 3168322 (N.D. Cal., Apr. 17, 2023).  In *Scramoge*, Apple argued that its agreement with LG Electronics granted Apple a license to patents belonging to LG Electronics and its "Affiliates." *Id.* at *1.  The patents at issue in *Scramoge* were transferred from a different LG entity (LG Innotek) to Scramoge. *Id.*  Apple asserted that its agreement with LG Electronic gave it a license to the LG Innotek patents that were transferred to Scramoge. *Id.*  Judge Corley granted summary judgment against Apple, holding that it failed to raise a triable issue of fact that it had any license rights to the patents-in-suit.  There, much like the instant case, Apple based its assertions on quotations of statements contained in documents Apple identified as financial statements of LG Electronics. *Id.* at *2.  Judge Corley held that such financial statements were not admissible evidence when presented without any authentication as to the nature of the proffered records. *Id.* at *3.  Judge Corley noted that Apple failed to present any basis to suggest that any witness from the LG entity or its auditors would appear at trial to provide any testimony to support the admissibility of such materials and that they were, therefor inadmissible and could not raise a triable issue of fact to support Apple's license defense. *Id.* at *3-4.  Judge Corley also held that even if admissible, the statements could not support Apple's defense because they did not establish that the two entities were under common control as required by the relevant agreement. *Id.* at *4.  In light of these considerations, Judge Corley denied summary judgment for Apple and granted summary judgment for Scramoge on Apple's license defense. *Id.* at *4-5.

1  Apple's proposed license defense here is futile for the same reasons that a nearly identical
2  defense by Apple was rejected by Judge Corley. As in *Scramoge*, Apple relies on a very similar
3  license provision in its ███ agreement purporting to provide Apple with a license to patents
4  held by ███ As is evident from Judge Corley's discussion, the
5  Apple agreement in *Scramoge* entailed a definition of "Affiliates" (the corollary term to ███
6  ███ here) that entailed the concept of control of one entity by another. *See Scramoge* at *2.
7  Here, Apple's ███ agreement defines ███
8  ███
9  ███
10 ███ Apple Motion, Ex. I at p. APPL_COREP_00306935. In its proposed amended
11 pleading, Apple asserts that SEC (the ultimate indirect parent of Corephotonics) is a "Related
12 Entity" of SEMCO "because Corephotonics and ███ are both controlled by or under common
13 control with Samsung Electronics Co., Ltd. ("SEC") and/or the Samsung Group." Apple never
14 identifies what it contends to be the "Samsung Group," nor does it point to any evidence
15 establishing the existence of the "Samsung Group" or any basis for its assertions other than with
16 respect to SEC.

17  Apple's proposed pleading points to the very same kind of financial statements
18 (purportedly translated from original Korean documents) it relied on in *Scramoge* as the basis for
19 its assertions. First, as in *Scramoge*, those financial statements are inadmissible in this Court. As
20 in *Scramoge*, discovery has already closed, and Apple has never procured testimony from any
21 Samsung entity purporting to authenticate any financial statements of any Samsung entity, nor has
22 it ever identified any such witness in its Rule 26(a) disclosures. Thus, as in *Scramoge*, Apple has
23 no way to admit these purported financial statements of non-parties. Likewise, Apple has obtained
24 no other evidence from any Samsung entity that could support its purported defense.[5] Simply put,
25 fact discovery is already over, and Apple has procured no admissible evidence from which a

---

[5] Late in the case in October 2023, Apple issued a subpoena to a U.S. subsidiary of ███, but it failed to procure a deposition of any ███ witness pursuant to that subpoena, and Apple has never provided any documents obtained from ███, thus confirming that it has none.

Case No. 3:17-cv-06457-JD                                    11
**RESPONSE IN OPPOSITION TO APPLE INC.'S MOTION TO AMEND ANSWER**

1  reasonable trier of fact could conclude that ▇▇ and Corephotonics are ▇▇▇▇▇▇
2  within the meaning of the ▇▇ agreement.

3      Further, as in *Scramoge*, even if the financial statements of ▇▇ and ▇▇ were
4  admissible, they do not support Apple's license contentions.  In fact, they directly refute those
5  contentions.  First, ▇▇ financial statements (which are referenced in Apple's proposed
6  pleading) never identify SEC as an entity with "control" over ▇▇.  Ledahl Decl., Ex. 2.  They
7  at most identify it as a "Company with significant influence." *Id.* at p. 61.  They also do not
8  identify SEC as a subsidiary of ▇▇.  *Id.* at pp. 12-14.  Likewise, SEC's financial statements
9  (also referenced in Apple's proposed pleading) do not indicate that SEC has control over ▇▇.
10 SEC does not identify ▇▇ as a subsidiary under its control.  Ledahl Decl., Ex. 3 at pp. 16-24;
11 Ex. 4 at pp. 64-70.  Instead, ▇▇ is merely identified as an "associate" and specifically an
12 entity in which SEC has an investment—indicated in the financial statements to be 23.7%
13 ownership.[6]  Ex. 3 at p. 50-51.  In its financial statements, SEC defines an "Associate" as "entities
14 over which the Company has significant influence **but does not have control**." *Id.* at p. 29.  In
15 *Scramoge,* Judge Corley rejected Apple's defense when LG Electronics' financial statements
16 asserted that it had control over LG Innotek.  *Scramoge*, at * 2.  Judge Corley noted that this
17 statement could not be relied on by Apple to actually establish the fact of such control.  Here,
18 Apple can't even point to a similar statement.  SEC's financial statements expressly disclaim
19 control—the very thing Apple would need to prove to support its license defense.  Thus, Apple's
20 attempted license defense here is even less viable than the similar defense rejected by Judge
21 Corley.

22     In short, whether considered under the summary judgment standard, or under the motion
23 to dismiss standard, Apple fails to present anything but a futile purported license defense.  Apple
24 cannot present admissible evidence to support the purported control relationship between ▇▇

---

[6] To the extent Apple argues in reply that under Delaware law, ownership of more than 20% of a company's stock constitutes control, that argument should be rejected for the same reasons Judge Corley rejected it.  *See Scramoge*, at *5.  As in *Scramoge*, Apple's agreement here defines "control" rendering the provision relied on by Apple inapplicable.

and SEC that is a lynchpin of its defense.  Further, even considering the financial statements on which Apple relies in its pleading shows that those documents negate Apple's factual assertions.  Under such circumstances, Apple's proposed defense could not survive under any standard.  The futility of Apple's proposed license defense provides yet another basis on which Apple's requested amendment should be rejected.

### III.   CONCLUSION

Apple's motion seeks leave to add a new license defense after discovery has already closed.  Apple sat on this defense for more than six months before raising its desire to amend its answer only after it was too late for Corephotonics to even take discovery on this defense.  Apple engage in undue delay and cannot show good cause for its untimely requested amendment.  Given that discovery has already closed, allowing the amendment would be unfairly prejudicial to Corephotonics.  Further, under any applicable standard, Apple's proposed new defense is completely without merit and futile.  Each of these provides an independently sufficient reason why Apple's motion should be denied.

| | | |
|---|---|---|
| 1 | DATED: November 20, 2023 | Respectfully submitted, |
| 2 | | RUSS AUGUST & KABAT |
| 3 | | By: /s/ Brian D. Ledahl |
| | | Marc A. Fenster (CA Bar No. 181067) |
| 4 | | Brian D. Ledahl (CA Bar No. 186579) |
| | | Neil A. Rubin (CA Bar No. 250761) |
| 5 | | James S. Tsuei (CA Bar No. 285530) |
| | | RUSS AUGUST & KABAT |
| 6 | | 12424 Wilshire Boulevard, 12th Floor |
| | | Los Angeles, California  90025 |
| 7 | | Telephone: (310) 826-7474 |
| | | Facsimile: (310) 826-6991 |
| 8 | | mfenster@raklaw.com |
| | | bledahl@raklaw.com |
| 9 | | nrubin@raklaw.com |
| | | jtsuei@raklaw.com |
| 10 | | ptong@raklaw.com |
| 11 | | Attorneys for Plaintiff |
| | | Corephotonics, Ltd. |

# CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on November 20, 2023, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ James S. Tsuei*