COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Defendant*
  Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>                  Plaintiff,<br><br>     vs.<br><br>APPLE INC.<br><br>                  Defendant. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO AMEND ANSWER**<br><br>Date: December 14, 2023<br>Time: 10 a.m.<br><br>Courtroom 11, 19th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

REPLY ISO MOTION TO AMEND ANSWER

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................... 1

II. ARGUMENT ............................................................................................................................ 2

    A. Amendment is Proper under Fed. R. Civ. P. 15 and 16 ........................................... 2

    B. Apple Was Diligent and Did Not Unduly Delay in Moving to Amend .................. 3

    C. Corephotonics is not Prejudiced by the Amendment .............................................. 5

    D. Apple's Proposed Amendments are not Futile ........................................................ 5

III. CONCLUSION ......................................................................................................................... 8

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

i

REPLY ISO MOTION TO AMEND ANSWER

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anand v. Lexington Law LLC*,
  No. 17 C 7085, 2018 WL 6045204 (N.D. Ill. Nov. 19, 2018) ................................................... 2

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) .................................................................................................. 4

*Edmonson v. Desmond*,
  551 F. App'x 280 (7th Cir. 2014) ............................................................................................. 2

*Hutter v. Countrywide Bank, N.A.*,
  41 F. Supp. 3d 363 (S.D.N.Y. 2014) ........................................................................................ 7

*Johnson v. Mammoth Recreations*,
  975 F.2d 604 (9th Cir. 1992) .................................................................................................... 4

*Paralyzed Veterans of Am. v. McPherson*,
  No. C 06-4670 SBA, 2008 U.S. Dist. LEXIS 69542 (N.D. Cal. Sep. 8, 2008) ........................ 7

*Scramoge Techology Ltd. v. Apple, Inc.*,
  No. 22-cv-3041-JSC, 2023 WL 3168322 (N.D. Cal., Apr. 17, 2023) ...................................... 8

*Spiundelkfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*,
  829 F.2d 1075 (Fed. Cir. 1987) ................................................................................................ 3

**Statutes**

35 U.S.C. § 271 ................................................................................................................................ 3

**Other Authorities**

Fed. R. Civ. P.
  7.1 .............................................................................................................................................. 1
  15 ........................................................................................................................................... 2, 4
  16 ........................................................................................................................................... 2, 4

# I. INTRODUCTION

Corephotonics cannot credibly dispute that Apple timely moved to amend promptly after receiving the relevant discovery Corephotonics withheld. After the stay was lifted in 2022, Apple diligently sought discovery regarding Samsung's acquisition of Corephotonics which occurred during the stay. Corephotonics refused to provide that discovery, forcing Apple to seek relief from the Court. (Dkt. 163.) Only after the Court granted Apple's motion last month, did Corephotonics belatedly produce the Samsung acquisition agreement. Similarly, Corephotonics did not disclose that ███████████████████████████████ until *last month*. Corephotonics did not even comply with its corporate disclosure obligations and disclose Samsung's controlling interest until *three weeks ago*. (Dkt. 193 (FRCP 7.1 disclosure).) Apple's proposed amendment comes at this stage of the case solely because of Corephotonics's actions in withholding relevant documents and information, not any delay on Apple's part.

The proposed amendment does not prejudice Corephotonics because all of the relevant information was available to Corephotonics all along. If Corephotonics wanted to adduce its own discovery, or muster its own rebuttal arguments, it had an easy task—simply produce the Samsung-related documents it improperly withheld and ask its parent corporation, the same corporation that is controlling this litigation, to provide any documents it deemed relevant. Corephotonics did neither.

Corephotonics's claims of futility are also unfounded and exaggerated. Given the documents it was compelled to produce, Corephotonics can no longer dispute that it is controlled by Samsung. With respect to Samsung's control of ██████, Corephotonics ignores and misquotes the broad definition of "██████████" in the Apple/██████ agreement. The documentary evidence, including the documents belatedly produced by Corephotonics and documents recently referenced by ██████████ itself in response to a subpoena, establishes that ██████ and Corephotonics are ████████████.

Despite its feigned outrage, Corephotonics is not suddenly facing a defense it was not aware of, nor was it prohibited from adducing discovery. The relevant facts were all in the possession of Corephotonics, its parent company Samsung, and/or other Samsung entities. No change in the

schedule is requested or needed.  Amendment is therefore proper.

**II.    ARGUMENT**

### A.    Amendment is Proper under Fed. R. Civ. P. 15 and 16

Regardless of which rule applies, amendment is proper here because Apple has shown that the factors under Rule 15, as well as the good cause standard under Rule 16, have been met.  *See* Fed. R. Civ. P. 15(a)(2), 16(b)(4).  Nevertheless, if the difference between the two rules would impact this Court's decision, the lenient standard of Rule 15 governs and should be applied.  There is no dispute that the Court's scheduling order did not set a deadline for amendments to pleadings, and thus, no scheduling order is being modified under Rule 16.

In an effort to improperly read in the good cause standard of Rule 16, Corephotonics cites out-of-circuit case law that is distinguishable on multiple grounds.  (Opp. at 5, citing *Anand v. Lexington Law LLC*, No. 17 C 7085, 2018 WL 6045204, at *1 (N.D. Ill. Nov. 19, 2018).)  In *Anand*, unlike here, the moving plaintiff sought to add new defendants, the parties had agreed to a deadline to amend pleadings, the amendment would have required reopening discovery (and thus required modifying the scheduling order that closed discovery), the motion was *filed* several months *after* discovery closed, and the movant unduly delayed after having the basis for the amendment many months *before* discovery closed.  *Anand*, 2018 WL 6045204, at *1-2.  By contrast here, Apple first obtained the relevant Samsung-related discovery only a few weeks ago because Corephotonics improperly withheld it, no Court order is being modified, Apple moved before fact discovery closed, no further discovery is needed, and Corephotonics already had available the factual support for the amendment—the relevant information it withheld—so it is not prejudiced.  Similarly, the motion to amend at issue in the non-precedential *Edmonson* decision was untimely filed after "the deadline for discovery and dispositive motions."  *Edmonson v. Desmond*, 551 F. App'x 280, 282 (7th Cir. 2014).

It is also irrelevant to the analysis under Rule 15 and 16 whether one of Apple's defenses supported by Corephotonics's belated discovery disclosures might be characterized as a "license defense."  (Opp. at 2-4.)  Regardless of whether the amendment presents "new" defenses or additional facts supporting existing defenses, amendment is proper here based on the recently-

disclosed discovery. Corephotonics cites no rationale why the same recently-revealed facts cannot also support defenses of non-infringement, estoppel, and limitation on damages.[1] Indeed, to prove infringement, Corephotonics has the burden to show that Apple's actions were "without authority." 35 U.S.C. § 271 ("whoever without authority … infringes the patent."). Nothing prevents Apple from presenting alternative defenses that rely on the same facts, even in response to causes of action where Corephotonics bears the burden of proof. Regardless of what the defense is called, however, the result is the same in view of the Samsung-related discovery Corephotonics recently provided—Apple should not be liable.

### B. Apple Was Diligent and Did Not Unduly Delay in Moving to Amend

Apple did not have the *discovery* necessary to support its defenses prior to October 2023, when Corephotonics belatedly disclosed the relevant discovery. It is true, as Corephotonics admits, that Apple disclosed its *theory* to Corephotonics in March 2023—putting Corephotonics squarely on notice of the substantive issues and negating any claim of prejudice to Corephotonics. (Opp. at 6.) But the relevant discovery and *evidence* were withheld by Corephotonics until the Court ordered its disclosure in October 2023, at which point Apple promptly developed its amended answer and filed the present motion.

Finally last month, Corephotonics admitted for the first time that it was not an independent entity, but rather, ███████████████████ (Dkt. 192-8 (Ex. F) at 5-6.)[2] Corephotonics then had to produce the agreement it never wanted to disclose—the agreement between Samsung Electronics Co. ("Purchaser") and Corephotonics ("Company"), which contained the following clause:

---

[1] Even the case cited by Corephotonics (*Spiundelkfabrik*) references the doctrines of legal and equitable estoppel. *Spiundelkfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987).
[2] Corephotonics implies that this new information is irrelevant since it was not included in the proposed answer. Apple was attempting to minimize the amount of Samsung confidential information in the pleadings and an answer is not the place for a recitation of all facts. Rather, Apple provided the evidence and argument in the motion itself. Regardless, Apple can add the allegations regarding Corephotonics's ███████████████████ to the amended answers if the Court has any doubts about its relevance to the asserted defenses.

███████████████████████████████████

(Dkt. 192-9 (Ex. G) at § 11.7) (emphasis added)).) This new information shed new light on a deal that Corephotonics had previously described as a mere "shares-only acquisition." (Dkt. 169 at 2.) Armed with the newly-disclosed discovery, Apple promptly moved to amend *before* the close of discovery.[3] Even the cases cited by Corephotonics applying Rule 16 support amendment here where a defense arose from recently-acquired discovery. *See* Opp. at 5 (citing *Synopsys, Inc. v. Ricoh Co., Ltd.*, No. 03-2289 MJJ, 2005 WL 3370010, at *2 (N.D. Cal., Dec. 12, 2005) (granting leave to add affirmative defense after deadline).)

Corephotonics is simply not telling the truth when it pretends that it "believed that Apple had abandoned this line of argument," Opp. at 6, because Apple consistently maintained its theory but was stymied by Corephotonics's refusal to provide the relevant discovery. Apple's letter brief to the Court filed in March 2023 (Dkt. 163) sought the discovery for precisely this purpose and remained pending until Apple raised it during the *Markman* hearing in October 2023. Furthermore, in May 2023, Apple reminded Corephotonics of the pending discovery dispute in discovery correspondence and also included an explanation of the ███-related defense in its rebuttal damages contentions. (Dkt. 192-10 (Ex. H); Ex. J.) In September 2023, Apple served additional discovery related to the same ███-related defenses. (Ex. K (RFA Nos. 115-158).) In short, Apple did not abandon anything; it consistently and expressly pursued its theory while giving the Court time to rule on the pending discovery dispute.

---

[3] While Corephotonics cites to *Coleman* for the Rule 16 good cause standard, it is worth noting that, unlike here, the party there waited until a reply to a motion for summary judgment (well after the close of fact discovery) before moving to amend. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Corephotonics's reliance on *Johnson* is similarly misplaced because, unlike here, the party opposing amendment had been candid about the identity of relevant parties and potential need for amendment yet the moving party had simply failed to pay attention. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609-610 (9th Cir. 1992).

### C.  Corephotonics is not Prejudiced by the Amendment

Corephotonics fails to substantiate any legitimate claim of prejudice. As Corephotonics admits, it was fully aware of Apple's ███-based theory, including its details, by March 2023. (Opp. at 6.) But only Corephotonics had access to all of the relevant Samsung-related facts and evidence. Apple did not. For the following eight months, Corephotonics was well aware of Apple's pursuit of discovery, the pendency of the discovery motion, and the potential impact of the ███ ███ during the fact discovery period. The only thing stopping Corephotonics from adducing discovery to rebut this defense was Corephotonics itself. If Corephotonics believed it needed discovery from Apple, it had plenty of time to do so. If Corephotonics believed it had evidence showing that it was not controlled by Samsung, then it could and should have produced it, rather than improperly withholding the relevant discovery until compelled by the Court. Indeed, if Corephotonics believed Samsung did not control ███, it could and should have simply *asked its owner Samsung* to provide evidence of that fact. Its silence and inactivity speak volumes. Corephotonics cannot claim prejudice when it chose to put its head in the sand and either not take or withhold the relevant discovery.

### D.  Apple's Proposed Amendments are not Futile

The proposed amended answers set forth the basic framework of the impact of the ███ agreement, with further details provided both in Apple's opening brief and interrogatory responses. In general, the ███████ in the ███ agreement applies because ███ and Corephotonics are "███████" as that term is defined in the ███ agreement. ███

███

███

███

███

███ (Dkt. 192-11 (Ex. I) (emphasis added).)

Despite Corephotonics's efforts to hide its relationship with Samsung entities, it appears to no longer be disputed that Corephotonics, at a minimum, is controlled by Samsung Electronics

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

5

REPLY ISO MOTION TO AMEND ANSWER

Benelux B.V. and Samsung Electronics Co., Ltd. ("SEC"). For example, after a multi-year delay, Corephotonics a few weeks ago finally filed a supplemental Corporate Disclosure statement naming a Samsung entity.[4] (Dkt. 193.) Based on the recently produced Share Purchase Agreement and ███████████ SEC also has contractual rights to direct management policies like ███████████.

The crux of Corephotonics's futility argument, therefore, appears to be on whether SEC controls ███.[5] As outlined in the opening brief and amended answers, ███ identifies SEC as a "related party" and a company "with significant influence" on ███ (Dkt. 192-2 (Ex. A1) (Proposed Amended Answer at Third Defense) (citing evidence).) Corephotonics's argument that SEC and ███ financial statements show that they are not ███ relies on a misquoting and misapplication of the definition.

In particular, Corephotonics cuts short the definition and ignores the examples of "control" in the definition of Related Entities, which are broad and open ended. (Opp. at 11.) All that the definition of Related Entity requires is that SEC "███████████████████████████████████████████████████████████████████████████████" SEC includes ███ in its consolidated financial statements. (Dkt. 197-4 (Ex. 3) at 16 ("The Company also applies the equity method of accounting for its 37 associates and joint ventures, including ███████.").) It makes sense that SEC includes ███ in its consolidated financial statements because it, at least, "indirectly" possesses the power "to cause the direction of" ███ management policies—the relevant "control" under the Apple/███ agreement.

---

[4] Mysteriously, Corephotonics thought it was more important to file an amended certificate of interested parties in October 2022 naming its litigation funder and law firm than to disclose Samsung. (See Dkt. 152 (failing to name Samsung).)

[5] With respect to the Samsung Group, the amended answer alleges that SEC and ███ are affiliates of the Samsung Group and that, by definition, affiliates are under common control. (See also https:/sgsg.samsung.com/newpage/newpage.php?f_id=samsung_companies.) Thus, to the extent "control" is needed separate and apart from SEC, Apple has shown it through the Samsung Group.

Corephotonics points to a statement in the SEC financial filing about not having "control", but that term is not the same as the definition of "control" in the ▮▮▮ agreement.[6] "Control" is defined in the SEC financial statements as "The Company controls the corresponding investee when it is exposed, or has rights, to variable returns from its involvement with the investee and has the ability to affect those returns through its power over the investee.") (Dkt. 197-4 (Ex. 3) at 28.) As quoted above, this is different than the substantially broader ▮▮▮ MDSA definition.

Finally, there is no basis for Corephotonics's argument that the Samsung financial statements are inadmissible. (Opp. at 11-13.) The issue before the court is a motion to amend a pleading, not a motion for summary judgment or a motion *in limine*.[7] Rulings on admissibility of evidence at this stage puts the cart before the horse. But even if the Court inquires into the admissibility of evidence at this preliminary stage, the documents relied upon to date are not inadmissible.

Corephotonics cannot show that the statements are inadmissible hearsay from a third party; they are statements from the very party that has control over both Corephotonics and this litigation. Samsung's statements in public filings are thus party admissions under FRE 801(d)(2). In addition, ▮▮▮ pointed to its public filings in response to a subpoena and confirmed that it had no information beyond what was in those documents. (Ex. M (confirming that "▮▮▮ represents that it does not have additional responsive documents or testimony to provide beyond the publicly available information regarding the corporate relationships between ▮▮▮ and SEC").) The hearsay exception under FRE 803(6) would therefore apply. Finally, it would be premature to rule

---

[6] Corephotonics also acts like it can determine what falls in or out of a "control" definition, yet when the definition of "control" from the ▮▮▮ MDSA was used in RFAs, Corephotonics claimed it was vague and ambiguous and read in a requirement that control over this litigation was a necessary component. (*See* Ex. L (Responses to RFA Nos 116-133).) This is both further proof of Corephotonics's obstructionist discovery tactics and Corephotonics's continued refusal to accept and apply the exact definition from the ▮▮▮ MDSA.
[7] Corephotonics argues that a summary judgment standard should be applied, yet the *Hutter* case it cites is inapplicable. First, *Hutter* is a New York district court case and thus is non-binding. Second, in that case the moving party waited until well after both the close of fact discovery and expert discovery to file a motion to amend. *Hutter v. Countrywide Bank, N.A.*, 41 F. Supp. 3d 363, 371-372 (S.D.N.Y. 2014). In this district, futility is only viewed under a heightened standard if amendment is being sought while a motion for summary judgment is pending. *See Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670 SBA, 2008 U.S. Dist. LEXIS 69542, at *81-83 (N.D. Cal. Sep. 8, 2008) (court held substantial and convincing evidence standard applied where plaintiff filed motion to amend amid summary judgment motion briefing).

on admissibility before applicability of FRE 804 and 807 is properly determined. The documents are highly reliable publicly filed financial reports of a global conglomerate that is in Korea and likely unavailable for trial.

Corephotonics's citations to a different Apple case (the *Scramoge* case) in a different procedural posture involving a different agreement do not lead to a different result. For example, in that case the court was not dealing with a situation where, as here, the financial statements were an admission by a party that controls the plaintiff and the litigation. In addition, the court pointed to the same "control" language that Corephotonics now points to and explained that it was irrelevant because it was different than the definition of control in the agreement. *See Scramoge Techology Ltd. v. Apple, Inc.*, No. 22-cv-3041-JSC, 2023 WL 3168322, at *4 (N.D. Cal., Apr. 17, 2023). The court in *Scramoge* was addressing a definition of "Affiliates", not "Related Entities", and is not relevant to whether amendment is proper in *this* case. *Id.* at *1.

### III. CONCLUSION

For the reasons presented in Apple's opening brief and above, Apple respectfully requests that the Court grant leave to amend its answers as attached in Exs. A1 and A2 (Dkts. 192-2, 192-3).

Dated: November 30, 2023                              Respectfully submitted,

                                                      COOLEY LLP

                                                      By: /s/ Heidi Keefe
                                                      Heidi Keefe (178960)
                                                      (hkeefe@cooley.com)
                                                      Lowell Mead (223989)
                                                      (lmead@cooley.com)
                                                      Priya B. Viswanath (238089)
                                                      (pviswanath@cooley.com)
                                                      COOLEY LLP
                                                      3175 Hanover Street
                                                      Palo Alto, California  94304
                                                      Telephone:(650) 843-5000
                                                      Facsimile: (650) 849-7400

                                                      COOLEY LLP
                                                      Phillip Morton (*Pro Hac Vice*)
                                                      (pmorton@cooley.com)
                                                      1299 Pennsylvania Avenue

NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

*Attorneys for Defendant*
*Apple, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

9

**REPLY ISO MOTION TO AMEND ANSWER**