# EXHIBIT L

RUSS AUGUST & KABAT
Marc A. Fenster (SBN 181067)
*mfenster@raklaw.com*
Brian D. Ledahl (SBN 186579)
*bledahl@raklaw.com*
Neil A. Rubin (SBN 250761)
*nrubin@raklaw.com*
James S. Tsuei (SBN 285530)
*jtsuei@raklaw.com*
Peter Tong (SBN 300347)
*ptong@raklaw.com*
12424 Wilshire Boulevard, 12FL
Los Angeles, California 90025
310/826-7474 – Telephone
310/826-6991 – Facsimile

*Attorneys for Plaintiff*
COREPHOTONICS, LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD. | Case No. 3:17-cv-06457-JD (LEAD) |
| *Plaintiff,* | Case No. 5:18-cv-02555-JD |
| v. | **PLAINTIFF COREPHOTONICS, LTD.'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| APPLE, INC., | |
| *Defendant.* | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the Northern District of California, plaintiff Corephotonics, Ltd. ("Corephotonics"), by and through its attorneys, hereby responds defendant Apple Inc.'s ("Apple") First Set of Requests for Admission (Nos. 1-179). Corephotonics' investigation continues and is ongoing, and further investigation and discovery may lead to additions, modifications, or changes to Corephotonics' responses.

## PRELIMINARY STATEMENT

The responses herein are made solely for the purposes of this action. These responses are subject to, and without waiver of, any objections as to the competency, propriety, authenticity, relevancy, materiality, privilege, and admissibility, and to any and all other objections on any grounds that would require the exclusion of statements contained herein.

The following responses are based upon the facts and information currently known and available to Corephotonics and given without prejudice to Corephotonics' right to amend or supplement to add any facts or information that it may later recall or discover as discovery and Corephotonics' investigation continues. Corephotonics further reserves the right to amend or supplement any or all of the matters contained in these responses with facts or information that it learns were omitted by inadvertence, mistake, or excusable neglect; as additional facts are ascertained, and contentions are made in this litigation; and as terms used in the asserted claims of the patents-in-suit are construed.

Specific objections to each request are made on an individual basis in Corephotonics' responses below. In addition to the specific objections, Corephotonics makes certain general objections (the "General Objections") to these requests. These General Objections are raised by issues that are common to each and every individual request. These General Objections hereby incorporated by reference into the specific response made to each separate request. For particular emphasis, Corephotonics has, from time to time, expressly included one or more of the General Objections as specific objections in the responses below.

Corephotonics response to these requests is based upon the facts and information currently known and available to it. All responses and production provided herein are subject to amendment

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

or supplementation by Corephotonics as discovery and Corephotonics' investigation continues. Corephotonics reserves the right to supplement, amend, modify, or alter its responses to these requests.

The assertion of any objection to any of the requests is neither intended as, nor shall in any way be deemed, a waiver of Corephotonics' right to assert that or any other objection at a later date, including any evidentiary objections to any document or thing that it produces in discovery. No incidental or implied admissions are intended by the responses below.

## GENERAL OBJECTIONS

1.      Corephotonics objects to Apple's First Set of Requests for Admission to Corephotonics, including the definitions and instructions listed therein, and to each individual Request to the extent they purport to impose on Corephotonics obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for this District, or any order or ruling by the Court in this action. Corephotonics shall not comply with any purported obligation not imposed by law.

2.      Corephotonics objects to the requests to the extent they request information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, or any other privilege or restriction on discovery. Corephotonics will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege. Corephotonics further reserves the right to object that some information is so confidential and sensitive that it should not be provided absent additional protections adequate to ensure its confidentiality.

3.      Corephotonics objects to each individual request to the extent they call for information that is not relevant to a claim or defense that a party has pled in this action.

4.      Corephotonics objects to these requests to the extent they are overbroad in time or scope, unduly burdensome, and otherwise not proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1).

5.      Corephotonics objects to these requests to the extent that they are oppressive, harassing, oppressive, vague, ambiguous, unintelligible, or require Corephotonics to speculate as to the meaning intended.

6.      Corephotonics objects to these requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this case.

7.      Corephotonics objects to these requests to the extent that they are compound.

8.      Corephotonics objects to each and every request, definition, and instruction, to the extent that they call for legal conclusions.

9.      Corephotonics objects to each and every request, definition, and instruction, to the extent that they do not identify the materials sought with reasonable particularity.

10.     Corephotonics objects to each request that includes the terms "any," "every," "all," or "each," to the extent that it seeks the identification of "any," "every," "all," or "each" person, document, or information as overly broad, unduly burdensome, and not proportional pursuant to Rule 26(b)(1).

11.     Corephotonics objects to all requests directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '291 patent or '712 patent are invalid, and that all such requests are irrelevant and unduly burdensome.

12.     Corephotonics objects to the definitions of "Plaintiff," "Corephotonics," "You," or "Your," to the extent Apple's definition purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, or any order or ruling by the Court in this action. Further, Apple's definition of these terms refers to "entities," which Apple has not defined. The failure to define the defined term on which the definitions of Plaintiff," "Corephotonics," "You," or "Your" is defined renders the definition of these terms vague, ambiguous, and unintelligible.

13.     Corephotonics objects to each and every request as unduly burdensome and not proportional to the extent that it requires the production of materials equally available to Apple.

14.     Corephotonics objects to all Requests for Admission directed to patents no longer asserted in this case. Further discovery is overbroad and not proportional to the needs of the case.

In fact, such discovery is now completely irrelevant to the needs of the case and designed solely to burden Corephotonics.

15.     Corephotonics objects that all requests relating to Samsung, Samsung Electro-Mechanics Co., Ltd., the Samsung Group, Samsung Electronics Benelux B.V., and/or the Samsung Group are irrelevant to the case, unduly burdensome and not proportional to the needs of the case, are directed to third parties not named in the case, seek information not known to Corephotonics, directed to defenses not in the case, and violates the Court's order limiting the scope of discovery about Samsung entities. Corephotonics further objects that these requests are irrelevant and directed to defenses that the Court has not yet granted leave to add to this case.

16.     Corephotonics objects that all requests involving "Controls" or "Control" are vauge and ambiguous as to what aspects of control the requests is directed to.

17.     Corephotonics objects that all requests involving "Samsung Group" are vague, ambiguous, lack foundation, and use an undefined term such that Corephotonics cannot discern the meaning of the request.

18.     Corephotonics incorporates by reference each of the foregoing General Objections set forth herein above into each specific response set forth below as if set forth in full therein. An answer to a response shall not be construed as a waiver of any applicable or general objection to a response.

19.     Corephotonics further reserves the right to amend the General Objections and its objections to the specific requests set forth herein.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that Example 4 of Iwasaki comprises a plurality of lens elements.

**RESPONSE TO REQUEST NO. 1:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 2:**

Admit that Example 4 of Iwasaki comprises lens elements arranged along an optical axis.

**RESPONSE TO REQUEST NO. 2:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 3:**

Admit that at least one lens element of Example 4 of Iwasaki has an aspheric surface.

**RESPONSE TO REQUEST NO. 3:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

 **REQUEST NO. 4:**

Admit that Example 4 of Iwasaki has a TTL of less than 6.5 millimeters.

**RESPONSE TO REQUEST NO. 4:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 5:**

Admit that the U.S. Patent and Trademark Office found that Example 4 of Iwasaki has a TTL of less than 6.5 millimeters. (See IPR2020-00896, Final Written Decision, at 13-17.)

**RESPONSE TO REQUEST NO. 5:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

Case No. 5:17-cv-06457-LHK

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

RUSS, AUGUST & KABAT

invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 6:**

Admit that Example 4 of Iwasaki has a TTL/EFL ratio of less than 1.0.

**RESPONSE TO REQUEST NO. 6:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 7:**

Admit that the U.S. Patent and Trademark Office found that Example 4 of Iwasaki has a TTL/EFL ratio of less than 1.0. (See IPR2020-00896, Final Written Decision, at 13-17.).

**RESPONSE TO REQUEST NO. 7:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 8:**

Admit that the first lens element of Example 4 of Iwasaki has a positive refractive power.

**RESPONSE TO REQUEST NO. 8:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 9:**

Admit that the U.S. Patent and Trademark Office found that the first lens element of Example 4 of Iwasaki has a positive refractive power. (See IPR2020-00896, Final Written Decision, at 13-17.)

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

RUSS, AUGUST & KABAT

**RESPONSE TO REQUEST NO. 9:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 10:**

Admit that the first lens element of Example 4 of Iwasaki has a convex object-side surface.

**RESPONSE TO REQUEST NO. 10:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 11:**

Admit that the U.S. Patent and Trademark Office found that the first lens element of Example 4 of Iwasaki has a convex object-side surface. (See IPR2020-00896, Final Written Decision, at 17-18.)

**RESPONSE TO REQUEST NO. 11:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 12:**

Admit that the first lens element of Example 4 of Iwasaki has a concave image-side surface.

**RESPONSE TO REQUEST NO. 12:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 13:**

Admit that the U.S. Patent and Trademark Office found that the first lens element of Example 4 of Iwasaki has a concave image-side surface. (See IPR2020-00896, Final Written Decision, at 17-18.)

**RESPONSE TO REQUEST NO. 13:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 14:**

Admit that the second lens element of Example 4 of Iwasaki has a negative refractive power.

**RESPONSE TO REQUEST NO. 14:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 15:**

Admit that the U.S. Patent and Trademark Office found that the second lens element of Example 4 of Iwasaki has a negative refractive power. (See IPR2020-00896, Final Written Decision, at 17-18.)

**RESPONSE TO REQUEST NO. 15:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 16:**

Admit that the second lens element of Example 4 of Iwasaki is a meniscus lens.

**RESPONSE TO REQUEST NO. 16:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 17:**

Admit that the U.S. Patent and Trademark Office found that the second lens element of Example 4 of Iwasaki is a meniscus lens. (See IPR2020-00896, Final Written Decision, at 13-17.)

**RESPONSE TO REQUEST NO. 17:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 18:**

Admit that the second lens element of Example 4 of Iwasaki has a convex object-side surface.

**RESPONSE TO REQUEST NO. 18:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 19:**

Admit that the U.S. Patent and Trademark Office found that the second lens element of Example 4 of Iwasaki has a convex object-side surface. (See IPR2020-00896, Final Written Decision, at 13-17.)

**RESPONSE TO REQUEST NO. 19:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

RUSS, AUGUST & KABAT

invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 20:**

Admit that the third lens element of Example 4 of Iwasaki has a negative refractive power.

**RESPONSE TO REQUEST NO. 20:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 21:**

Admit that the U.S. Patent and Trademark Office found that the third lens element of Example 4 of Iwasaki has a negative refractive power. (See IPR2020-00896, Final Written Decision, at 13-17.)

**RESPONSE TO REQUEST NO. 21:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 22:**

Admit that the first lens element of Example 4 of Iwasaki has an Abbe number greater than 50.

**RESPONSE TO REQUEST NO. 22:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 23:**

RUSS, AUGUST & KABAT

Admit that the second lens element of Example 4 of Iwasaki has an Abbe number smaller than 30.

**RESPONSE TO REQUEST NO. 23:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 24:**

Admit that Example 4 of Iwasaki satisfies the condition $1.2 \times |f3| > |f2| > 1.5 \times f1$.

**RESPONSE TO REQUEST NO. 24:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 25:**

Admit that the U.S. Patent and Trademark Office found that Example 4 of Iwasaki satisfies the condition $1.2 \times |f3| > |f2| > 1.5 \times f1$. (See IPR2020-00896, Final Written Decision, at 13-17.)

**RESPONSE TO REQUEST NO. 25:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 26:**

Admit that the second lens element and third lens element of Example 4 of Iwasaki have together a negative refractive power.

**RESPONSE TO REQUEST NO. 26:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

RUSS, AUGUST & KABAT

1   invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no

2   obligation to respond to estopped discovery.

3   **REQUEST NO. 27:**

4       Admit that Example 4 of Iwasaki has a fourth lens element.

5   **RESPONSE TO REQUEST NO. 27:**

6       Corephotonics objects to this request because it is directed to arguments on which Apple

7   is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

8   invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no

9   obligation to respond to estopped discovery.

10  **REQUEST NO. 28:**

11      Admit that the U.S. Patent and Trademark Office found that Example 4 of Iwasaki has a

12  fourth lens element. (See IPR2020-00896, Final Written Decision, at 13-17.)

13  **RESPONSE TO REQUEST NO. 28:**

14      Corephotonics objects to this request because it is directed to arguments on which Apple

15  is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

16  invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no

17  obligation to respond to estopped discovery.

18  **REQUEST NO. 29:**

19      Admit that Example 4 of Iwasaki has a fifth lens element.

20  **RESPONSE TO REQUEST NO. 29:**

21      Corephotonics objects to this request because it is directed to arguments on which Apple

22  is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent

23  is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no

24  obligation to respond to estopped discovery.

25  **REQUEST NO. 30:**

26      Admit that the U.S. Patent and Trademark Office found that Example 4 of Iwasaki has a

27  fifth lens element. (See IPR2020-00896, Final Written Decision, at 13-17.)

28  **RESPONSE TO REQUEST NO. 30:**

RUSS, AUGUST & KABAT

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 31:**

Admit that Example 4 of Iwasaki has exactly five lens elements.

**RESPONSE TO REQUEST NO. 31:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 32:**

Admit that You were aware of Iwasaki prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 32:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 33:**

Admit that You were not aware of Iwasaki prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 33:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 34:**

Admit that You were aware of the Iwasaki Application prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 34:**

RUSS, AUGUST & KABAT

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 35:**

Admit that You were not aware of the Iwasaki Application prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 35:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 36:**

Admit that the U.S. Patent and Trademark Office found that Claims 15 and 16 of the '712 patent are anticipated by Eggert.

**RESPONSE TO REQUEST NO. 36:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 37:**

Admit that Corephotonics did not appeal the determination of the U.S. Patent and Trademark Office that Claim 15 and 16 of the '712 patent are anticipated by Eggert.

**RESPONSE TO REQUEST NO. 37:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

RUSS, AUGUST & KABAT

**REQUEST NO. 38:**

Admit that the Eggert Lens comprises a plurality of refractive lens elements arranged along an optical axis.

**RESPONSE TO REQUEST NO. 38:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 39:**

Admit that the U.S. Patent and Trademark Office found that the Eggert Lens comprises "a plurality of refractive lens elements arranged along an optical axis." (See IPR 2018-01146, Final Written Decision at 30-31.)

**RESPONSE TO REQUEST NO. 39:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 40:**

Admit that the Eggert Lens has a total track length smaller than its effective focal length.

**RESPONSE TO REQUEST NO. 40:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 41:**

Admit that the Eggert Lens has a TTL/EFL ratio of less than 1.0.

**RESPONSE TO REQUEST NO. 41:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 42:**

Admit that the U.S. Patent and Trademark Office found that the Eggert Lens "has an effective focal length (EFL) and a total track length (TTL) smaller than the effective focal length (EFL)." (See IPR 2018-01146, Final Written Decision at 31-33.)

**RESPONSE TO REQUEST NO. 42:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 43:**

Admit that the first lens element of the Eggert Lens has a positive refractive power.

**RESPONSE TO REQUEST NO. 43:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 44:**

Admit that the U.S. Patent and Trademark Office found that the first lens element of the Eggert Lens has a positive refractive power. (See IPR 2018-01146, Final Written Decision at 34-35.)

**RESPONSE TO REQUEST NO. 44:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

RUSS, AUGUST & KABAT

invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 45:**

Admit that the second lens element and third lens element of the Eggert Lens have together a negative refractive power.

**RESPONSE TO REQUEST NO. 45:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 46:**

Admit that the U.S. Patent and Trademark Office found that the second lens element and third lens element of the Eggert Lens have together a negative refractive power. (See IPR 2018-01146, Final Written Decision at 34-35.)

**RESPONSE TO REQUEST NO. 46:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 47:**

Admit that the Eggert Lens has a fourth lens element.

**RESPONSE TO REQUEST NO. 47:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**RUSS, AUGUST & KABAT**

**REQUEST NO. 48:**

Admit that the U.S. Patent and Trademark Office found that the Eggert Lens has a fourth lens element. (See IPR 2018-01146, Final Written Decision at 34-35.)

**RESPONSE TO REQUEST NO. 48:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 49:**

Admit that the U.S. Patent and Trademark Office found that the Eggert Lens has a fifth lens element. (See IPR 2018-01146, Final Written Decision at 34-35.)

**RESPONSE TO REQUEST NO. 49:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 50:**

Admit that the U.S. Patent and Trademark Office found that the Eggert Lens discloses ""[T]he plurality of refractive lens elements comprising, in order from an object plane to an image plane along the optical axis, a first lens element having positive optical power, a pair of second and third lens elements having together a negative optical power, and a combination of fourth and fifth lens elements." (See IPR 2018-01146, Final Written Decision at 34-35.)

**RESPONSE TO REQUEST NO. 50:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

RUSS, AUGUST & KABAT

**REQUEST NO. 51:**

Admit that, in the Eggert Lens, the fourth lens element is separated from the third lens element by an air gap of greater than TTL/5.

**RESPONSE TO REQUEST NO. 51:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 52:**

Admit that the U.S. Patent and Trademark Office found that the Eggert Lens discloses "the fourth lens element separated from the third lens element by an air gap greater than TTL/5." (See IPR 2018-01146, Final Written Decision at 36.)

**RESPONSE TO REQUEST NO. 52:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 53:**

Admit that the first lens element of the Eggert Lens has an Abbe number greater than 50.

**RESPONSE TO REQUEST NO. 53:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 54:**

Admit that the U.S. Patent and Trademark Office found that the first lens element of the Eggert Lens has an Abbe number greater than 50. (See IPR 2018-01146, Final Written Decision at 36-37.)

RUSS, AUGUST & KABAT

**RESPONSE TO REQUEST NO. 54:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 55:**

Admit that the second lens element of the Eggert Lens has an Abbe number smaller than 30.

**RESPONSE TO REQUEST NO. 55:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 56:**

Admit that the U.S. Patent and Trademark Office found that the second lens element of the Eggert Lens has an Abbe number smaller than 30. (See IPR 2018-01146, Final Written Decision at 36-37.)

**RESPONSE TO REQUEST NO. 56:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 57:**

Admit that You were aware of Eggert prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 57:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

1   invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no

2   obligation to respond to estopped discovery.

3   **REQUEST NO. 58:**

4       Admit that You were not aware of Eggert prior to July 4, 2013.

5   **RESPONSE TO REQUEST NO. 58:**

6       Corephotonics objects to this request because it is directed to arguments on which Apple

7   is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

8   invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no

9   obligation to respond to estopped discovery.

10   **REQUEST NO. 59:**

11       Admit that the Mercado Table 8A-8C Lens comprises a plurality of lens elements.

12   **RESPONSE TO REQUEST NO. 59:**

13       Corephotonics objects to this request because it is directed to arguments on which Apple

14   is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

15   invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no

16   obligation to respond to estopped discovery.

17   **REQUEST NO. 60:**

18       Admit that the Mercado Table 8A-8C Lens comprises lens elements arranged along an

19   optical axis.

20   **RESPONSE TO REQUEST NO. 60:**

21       Corephotonics objects to this request because it is directed to arguments on which Apple

22   is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

23   invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no

24   obligation to respond to estopped discovery.

25   **REQUEST NO. 61:**

26       Admit that at least one lens element of the Mercado Table 8A-8C Lens has an aspheric

27   surface.

28   **RESPONSE TO REQUEST NO. 61:**

RUSS, AUGUST & KABAT

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 62:**

Admit that the Mercado Table 8A-8C Lens has a TTL of less than 6.5 millimeters.

**RESPONSE TO REQUEST NO. 62:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 63:**

Admit that the Mercado Table 8A-8C Lens has a TTL/EFL ratio of less than 1.0.

**RESPONSE TO REQUEST NO. 63:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 64:**

Admit that the first lens element of the Mercado Table 8A-8C Lens has a positive refractive power.

**RESPONSE TO REQUEST NO. 64:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 65:**

Admit that the first lens element of the Mercado Table 8A-8C Lens has a convex objectside surface.

**RESPONSE TO REQUEST NO. 65:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 66:**

Admit that the first lens element of the Mercado Table 8A-8C Lens has a concave imageside surface.

**RESPONSE TO REQUEST NO. 66:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 67:**

Admit that the first lens element of the Mercado Table 8A-8C Lens has a convex imageside surface.

**RESPONSE TO REQUEST NO. 67:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 68:**

Admit that the second lens element of the Mercado Table 8A-8C Lens has a negative refractive power.

**RESPONSE TO REQUEST NO. 68:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 69:**

Admit that the second lens element of the Mercado Table 8A-8C Lens is a meniscus lens.

**RESPONSE TO REQUEST NO. 69:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 70:**

Admit that the second lens element of the Mercado Table 8A-8C Lens has a convex objectside surface.

**RESPONSE TO REQUEST NO. 70:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 71:**

Admit that the third lens element of the Mercado Table 8A-8C Lens has a negative refractive power.

**RESPONSE TO REQUEST NO. 71:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 72:**

Admit that the first lens element of the Mercado Table 8A-8C Lens has an Abbe number greater than 50.

**RESPONSE TO REQUEST NO. 72:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 73:**

Admit that the second lens element of the Mercado Table 8A-8C Lens has an Abbe number smaller than 30.

**RESPONSE TO REQUEST NO. 73:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 74:**

Admit that the Mercado Table 8A-8C Lens satisfies the condition $1.2 \times |f3| > |f2| > 1.5 \times f1$.

**RESPONSE TO REQUEST NO. 74:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 75:**

Admit that the second lens element and third lens element of the Mercado Table 8A-8C Lens have together a negative refractive power.

**RESPONSE TO REQUEST NO. 75:**

Case No. 5:17-cv-06457-LHK

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

RUSS, AUGUST & KABAT

1
2
3
4

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

5

**REQUEST NO. 76:**

6

Admit that the Mercado Table 8A-8C Lens has a fourth lens element.

7

**RESPONSE TO REQUEST NO. 76:**

8
9
10
11

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

12

**REQUEST NO. 77:**

13

Admit that the Mercado Table 8A-8C Lens has a fifth lens element.

14

**RESPONSE TO REQUEST NO. 77:**

15
16
17
18

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

19

**REQUEST NO. 78:**

20
21

Admit that, in the Mercado Table 8A-8C Lens, the fourth lens element is separated from the third lens element by an air gap of greater than TTL/5.

22

**RESPONSE TO REQUEST NO. 78:**

23
24
25
26

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

27

**REQUEST NO. 79:**

28

Admit that the Mercado Table 3A-3C Lens has a positive refractive power.

**RESPONSE TO REQUEST NO. 79:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 80:**

Admit that the Mercado Table 3A-3C Lens has a convex object-side surface.

**RESPONSE TO REQUEST NO. 80:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 81:**

Admit that the Mercado Table 3A-3C Lens has a concave image-side surface.

**RESPONSE TO REQUEST NO. 81:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 82:**

Admit that the first lens element of the Mercado Table 3A-3C Lens has a convex imageside surface.

**RESPONSE TO REQUEST NO. 82:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

RUSS, AUGUST & KABAT

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

RUSS, AUGUST & KABAT

**REQUEST NO. 83:**

Admit that the second lens element of the Mercado Table 3A-3C Lens has a negative refractive power.

**RESPONSE TO REQUEST NO. 83:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 84:**

Admit that the second lens element of the Mercado Table 3A-3C Lens is a meniscus lens.

**RESPONSE TO REQUEST NO. 84:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 85:**

Admit that the second lens element of the Mercado Table 3A-3C Lens has a convex objectside surface.

**RESPONSE TO REQUEST NO. 85:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 86:**

Admit that the third lens element of the Mercado Table 3A-3C Lens has a negative refractive power.

**RESPONSE TO REQUEST NO. 86:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 87:**

Admit that the first lens element of the Mercado Table 3A-3C Lens has an Abbe number greater than 50.

**RESPONSE TO REQUEST NO. 87:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 88:**

Admit that the second lens element of the Mercado Table 3A-3C Lens has an Abbe number smaller than 30.

**RESPONSE TO REQUEST NO. 88:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 89:**

Admit that the Mercado Table 3A-3C Lens satisfies the condition $1.2 \times |f3| > |f2| > 1.5 \times f1$.

**RESPONSE TO REQUEST NO. 89:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

RUSS, AUGUST & KABAT

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

RUSS, AUGUST & KABAT

**REQUEST NO. 90:**

Admit that the second lens element and third lens element of the Mercado Table 3A-3C Lens have together a negative refractive power.

**RESPONSE TO REQUEST NO. 90:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 91:**

Admit that the Mercado Table 3A-3C Lens has a fourth lens element.

**RESPONSE TO REQUEST NO. 91:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 92:**

Admit that the Mercado Table 3A-3C Lens has a fifth lens element.

**RESPONSE TO REQUEST NO. 92:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 93:**

Admit that, in the Mercado Table 3A-3C Lens, the fourth lens element is separated from the third lens element by an air gap of greater than TTL/5.

**RESPONSE TO REQUEST NO. 93:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 94:**

Admit that You were aware of Parulski before June 13, 2013.

**RESPONSE TO REQUEST NO. 94:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 95:**

Admit that You were not aware of Parulski before June 13, 2013.

**RESPONSE TO REQUEST NO. 95:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 96:**

Admit that You were aware of Golan before June 13, 2013.

**RESPONSE TO REQUEST NO. 96:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 97:**

Admit that You were not aware of Golan before June 13, 2013.

**RESPONSE TO REQUEST NO. 97:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 98:**

Admit that You were aware of Border before June 13, 2013.

**RESPONSE TO REQUEST NO. 98:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 99:**

Admit that You were not aware of Border before June 13, 2013.

**RESPONSE TO REQUEST NO. 99:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 100:**

Admit that You were aware of Konno before June 13, 2013.

**RESPONSE TO REQUEST NO. 100:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 101:**

Admit that You were not aware of Konno before June 13, 2013.

**RESPONSE TO REQUEST NO. 101:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is

RUSS, AUGUST & KABAT

invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 102:**

Admit that You were aware of the Kodak V570 Camera before the July 4, 2013.

**RESPONSE TO REQUEST NO. 102:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 103:**

Admit that You were not aware of the Kodak V570 Camera before the July 4, 2013.

**RESPONSE TO REQUEST NO. 103:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery.

**REQUEST NO. 104:**

Admit that Corephotonics never sold a product to End User Customers.

**RESPONSE TO REQUEST NO. 104:**

Corephotonics objects that this request is vague as to "product," which is not a defined term. It is unclear if this refers to "product" as used in paragraphs 45–47, devices as used in paragraphs 44, or something broader. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 105:**

Admit that Corephotonics never sold a product to End User Customers.

**RESPONSE TO REQUEST NO. 105:**

Corephotonics incorporates its Response to Request No. 104.

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

**REQUEST NO. 106:**

Admit that a camera based on the Corephotonics Hummingbird Camera reference design has not been incorporated into a product on sale to End User Customers.

**RESPONSE TO REQUEST NO. 106:**

Corephotonics objects that this request is vague as to "product," which is not a defined term. It is unclear if this refers to "product" as used in paragraphs 45–47, devices as used in paragraphs 44, or something broader. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 107:**

Admit that a camera based on the Corephotonics Hummingbird Camera reference design has been incorporated into a product on sale to End User Customers.

**RESPONSE TO REQUEST NO. 107:**

Corephotonics objects that this request is vague as to "product," which is not a defined term. It is unclear if this refers to "product" as used in paragraphs 45–47, devices as used in paragraphs 44, or something broader. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 108:**

Admit that Corephotonics Optical Zoom Capture has not been incorporated into a product on sale to End User Customers.

**RESPONSE TO REQUEST NO. 108:**

Corephotonics objects that this request is vague as to "product," which is not a defined term. It is unclear if this refers to "product" as used in paragraphs 45–47, devices as used in paragraphs 44, or something broader. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 109:**

Admit that Corephotonics Optical Zoom Capture has been incorporated into a product on sale to End User Customers.

**RESPONSE TO REQUEST NO. 109:**

RUSS, AUGUST & KABAT

Corephotonics objects that this request is vague as to "product," which is not a defined term. It is unclear if this refers to "product" as used in paragraphs 45–47, devices as used in paragraphs 44, or something broader. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 110:**

Admit that Corephotonics Video Optical Zoom has not been incorporated into a product on sale to End User Customers.

**RESPONSE TO REQUEST NO. 110:**

Corephotonics objects that this request is vague as to "product," which is not a defined term. It is unclear if this refers to "product" as used in paragraphs 45–47, devices as used in paragraphs 44, or something broader. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 111:**

Admit that Corephotonics Video Optical Zoom has been incorporated into a product on sale to End User Customers.

**RESPONSE TO REQUEST NO. 111:**

Corephotonics objects that this request is vague as to "product," which is not a defined term. It is unclear if this refers to "product" as used in paragraphs 45–47, devices as used in paragraphs 44, or something broader. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 112:**

Admit that Apple did not receive source code from Corephotonics for any still mode fusion functionality prior to November 6, 2017.

**RESPONSE TO REQUEST NO. 112:**

Corephotonics lacks sufficient knowledge to confirm the earliest data Apple obtained Corephotonics' source code, and on that basis, denies this request.

**REQUEST NO. 113:**

Admit that Apple did not receive source code from Corephotonics for any video mode smooth transition functionality prior to November 6, 2017.

**RESPONSE TO REQUEST NO. 113:**

Corephotonics lacks sufficient knowledge to confirm the earliest data Apple obtained Corephotonics' source code, and on that basis, denies this request.

**REQUEST NO. 114:**

Admit that Apple did not receive from Corephotonics a Corephotonics Telephoto Lens Design prior to November 6, 2017.

**RESPONSE TO REQUEST NO. 114:**

Corephotonics lacks sufficient knowledge to confirm the earliest data Apple obtained Corephotonics' source code, and on that basis, denies this request.

**REQUEST NO. 115:**

Admit that Samsung Electronics Benelux B.V. acquired You.

**RESPONSE TO REQUEST NO. 115:**

Corephotonics objects that this request is vague and ambiguous as to what "acquired" means and what aspects of Corephotonics was acquired. Corephotonics admits that at one point, Samsung Benelux B.V. purchased the outstanding shares of Corephotonics, but Corephotoincs otherwise denies the rest of this request.

**REQUEST NO. 116:**

Admit that Samsung Electronics Benelux B.V. Controls You.

**RESPONSE TO REQUEST NO. 116:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics is a wholly-owned subsidiary of Samsung Electronics Benelux B.V., but otherwise, this request is denied, and Corephotonics additionally denies that Samsung Electronics Benelux B.V. has any control over this litigation.

1   **REQUEST NO. 117:**

2       Admit that Samsung Electronics Benelux B.V. does not Control You.

3   **RESPONSE TO REQUEST NO. 117:**

4       Corephotonics objects that this request is vague and ambiguous as to what "Controls"

5   means and what aspects of control this request is directed to. Corephotonics is a wholly-owned

6   subsidiary of Samsung Electronics Benelux B.V., but otherwise, this request is denied.

7   **REQUEST NO. 118:**

8       Admit that Samsung Electronics, Co., Ltd. Controls You.

9   **RESPONSE TO REQUEST NO. 118:**

10      Corephotonics objects that this request is vague and ambiguous as to what "Controls You"

11  means and what aspects of control this request is directed to. Assuming that "Controls" is intended

12  to encompass controlling this litigation, Corephotonics denies this request.

13  **REQUEST NO. 119:**

14      Admit that Samsung Electronics, Co., Ltd. does not Control You.

15  **RESPONSE TO REQUEST NO. 119:**

16      Corephotonics objects that this request is vague and ambiguous as to what "Controls"

17  means and what aspects of control this request is directed to. Assuming that "Controls" is intended

18  to refer to controlling this litigation, Corephotonics admits that Samsung Electronics, Co., Ltd.

19  does not Control Corephotonics for purposes of this litigation.

20  **REQUEST NO. 120:**

21      Admit that Samsung Group Controls You.

22  **RESPONSE TO REQUEST NO. 120:**

23      Corephotonics objects that this request is vague and ambiguous as to what "Controls"

24  means and what aspects of control this request is directed to. Corephotonics further objects that

25  this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics

26  denies this request as a result of being unable to determine the scope of this request.

27  **REQUEST NO. 121:**

28      Admit that Samsung Group does not Control You.

Case No. 5:17-cv-06457-LHK

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

RUSS, AUGUST & KABAT

**RESPONSE TO REQUEST NO. 121:**

Corephotonics objects that this request is vague and ambiguous as to what "Control" means and what aspects of control this request is directed to. Corephotonics further objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 122:**

Admit that Samsung Electronics, Co., Ltd. Controls Samsung Electronics Benelux B.V.

**RESPONSE TO REQUEST NO. 122:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Due to these objections, Corephotonics denies this request.

**REQUEST NO. 123:**

Admit that Samsung Electronics, Co., Ltd. does not Control Samsung Electronics Benelux B.V.

**RESPONSE TO REQUEST NO. 123:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Due to these objections, Corephotonics denies this request.

**REQUEST NO. 124:**

Admit that Samsung Group Controls Samsung Electronics Benelux B.V.

**RESPONSE TO REQUEST NO. 124:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Corephotonics further objects that this request is vague and

RUSS, AUGUST & KABAT

ambiguous and lacks foundation for "Samsung Group." Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 125:**

Admit that Samsung Group does not Control Samsung Electronics Benelux B.V.

**RESPONSE TO REQUEST NO. 125:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Corephotonics further objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 126:**

Admit that Samsung Group Controls Samsung Electronics, Co., Ltd.

**RESPONSE TO REQUEST NO. 126:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Corephotonics further objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 127:**

Admit that Samsung Group does not Control Samsung Electronics, Co., Ltd.

**RESPONSE TO REQUEST NO. 127:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Corephotonics further objects that this request is vague and

RUSS, AUGUST & KABAT

ambiguous and lacks foundation for "Samsung Group." Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 128:**

Admit that Samsung Electronics, Co., Ltd. Controls Samsung Electro-Mechanics Co., Ltd.

**RESPONSE TO REQUEST NO. 128:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Due to these objections, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 129:**

Admit that Samsung Electronics, Co., Ltd. does not Control Samsung Electro-Mechanics Co., Ltd.

**RESPONSE TO REQUEST NO. 129:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Due to these objections, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 130:**

Admit that Samsung Group Controls Samsung Electro-Mechanics Co., Ltd.

**RESPONSE TO REQUEST NO. 130:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Corephotonics further objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics denies this request as a result of being unable to determine the scope of this request.

RUSS, AUGUST & KABAT

**REQUEST NO. 131:**

Admit that Samsung Group does not Control Samsung Electro-Mechanics Co., Ltd.

**RESPONSE TO REQUEST NO. 131:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Corephotonics further objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 132:**

Admit that Samsung Electronics, Co., Ltd. Controls You and Samsung Electro-Mechanics Co., Ltd.

**RESPONSE TO REQUEST NO. 132:**

Corephotonics objects that this request is vague and ambiguous as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, and such information is beyond the personal knowledge of Corephotonics. Corephotonics further objects that this is compound. Assuming that "Controls" is intended to encompass controlling any aspect of this litigation, Corephotonics denies this request.

**REQUEST NO. 133:**

Admit that Samsung Electronics, Co., Ltd. does not Control You and Samsung Electro-Mechanics Co., Ltd.

**RESPONSE TO REQUEST NO. 133:**

Corephotonics objects that this request is vague as to what "Controls" means and what aspects of control this request is directed to. Corephotonics objects that this request seeks information between two third-party entities, and such information is beyond the personal knowledge of Corephotonics. Corephotonics further objects that this is compound. Due to these objections, Corephotonics is unable to admit or deny this request.

RUSS, AUGUST & KABAT

**REQUEST NO. 134:**

Admit that Samsung Electronics Co., Ltd. is the holder of 100% ownership in Samsung Electronics Benelux B.V.

**RESPONSE TO REQUEST NO. 134:**

Corephotonics objects that "100% ownership" is vague and ambiguous. Corephotonics objects that this information about these other entities is beyond the personal knowledge of Corephotonics. Due to these objections, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 135:**

Admit that Samsung Electronics Co., Ltd. is the holder of 100% ownership in You.

**RESPONSE TO REQUEST NO. 135:**

Corephotonics objects that "100% ownership in You" is vague and ambiguous about what ownership right is referred to. With the understanding that this question is about direct ownership, this request is denied.

**REQUEST NO. 136:**

Admit that Samsung Electronics Co., Ltd. is the holder of 100% ownership of the voting rights in Samsung Electronics Benelux B.V.

**RESPONSE TO REQUEST NO. 136:**

Corephotonics objects that "100% ownership" and "the voting rights" are vague and ambiguous. Corephotonics objects that this information about these other entities is beyond the personal knowledge of Corephotonics. Due to these objections, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 137:**

Admit that Samsung Electronics Benelux B.V. is the holder of 100% ownership of the voting rights in You.

**RESPONSE TO REQUEST NO. 137:**

Corephotonics objects that "100% ownership of the voting rights" is vague and ambiguous. With the understanding that this request is intended to ask about a right to vote on this litigation,

Corephotonics further objects that the question lacks foundation because no such voting right exists, and this request is denied.

**REQUEST NO. 138:**

Admit that You are a subsidiary of Samsung Electronics Co., Ltd.

**RESPONSE TO REQUEST NO. 138:**

Corephotonics objects that "a subsidiary" is vague and ambiguous. With the understanding that this request is about a direct subsidiary relationship, this request is denied.

**REQUEST NO. 139:**

Admit that You are an affiliate of the Samsung Group as defined under Korea's Monopoly Regulation and Fair Trade Act.

**RESPONSE TO REQUEST NO. 139:**

Corephotonics objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics objects that this request seeks a legal conclusion. Corephotonics objects that this request is directed to irrelevant issues of foreign law. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 140:**

Admit that Samsung Electro-Mechanics Co., Ltd. is an affiliate of the Samsung Group as defined under Korea's Monopoly Regulation and Fair Trade Act.

**RESPONSE TO REQUEST NO. 140:**

Corephotonics objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics objects that this request seeks a legal conclusion. Corephotonics objects that this request is directed to irrelevant issues of foreign law. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 141:**

Admit that Samsung Electronics Co., Ltd. has significant influence on Samsung Electro-Mechanics Co., Ltd.

**RESPONSE TO REQUEST NO. 141:**

RUSS, AUGUST & KABAT

Corephotonics objects that this request is vague and ambiguous as to what "significant influence" means, which is not a defined term, and the request is vague and ambiguous about what is being influenced. Due to these objections, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 142:**

Admit that Samsung Electronics Co., Ltd. does not have significant influence on Samsung Electro-Mechanics Co., Ltd.

**RESPONSE TO REQUEST NO. 142:**

Corephotonics objects that this request is vague and ambiguous as to what "significant influence" means, which is not a defined term, and the request is vague and ambiguous about what is being influenced. Due to these objections, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 143:**

Admit that on the Corephotonics Website, Corephotonics is identified as "A SAMSUNG COMPANY[.]"

**RESPONSE TO REQUEST NO. 143:**

Corephotonics objects that this request is vague and ambiguous about which Samsung company the request refers to. Corephotonics admits that the words "A **SAMSUNG** COMPANY" appears on https://corephotonics.com but otherwise denies Apple's characterization.

**REQUEST NO. 144:**

Admit that Samsung Electronics Co., Ltd. and Samsung Electro-Mechanics Co., Ltd. are listed together on a page of "Affiliate Companies" on the Samsung Global Strategy Group Website.

**RESPONSE TO REQUEST NO. 144:**

RUSS, AUGUST & KABAT

Corephotonics denies that the words "Samsung Electronics Co., Ltd." and "Samsung Electro-Mechanics Co., Ltd." appear on the page https://sgsg.samsung.com/newpage/newpage.php?f_id=samsung_companies which, as of October 31, 2023, appears to be experiencing technical problems.



## REQUEST NO. 145:

Admit that there are one or more individuals who are both an officer or director of You and an officer or director of Samsung Electronics Benelux B.V.

## RESPONSE TO REQUEST NO. 145:

Corephotonics objects to this request as irrelevant and directed to defenses that the Court has not yet granted leave to add to this case. Corephotonics objects that this request is vague and ambiguous. The request is interpreted as being directed to individuals whose official job titles include the words "officer" or "director." Accordingly, this request is denied.

## REQUEST NO. 146:

Admit that there are no individuals who are both an officer or director of You and an officer or director of Samsung Electronics Benelux B.V.

## RESPONSE TO REQUEST NO. 146:

Corephotonics objects to this request as irrelevant and directed to defenses that the Court has not yet granted leave to add to this case. Corephotonics objects that this request is vague and ambiguous. The request is interpreted as being directed to individuals whose official job titles

RUSS, AUGUST & KABAT

include "officer" or "director." Accordingly, Corephotonics admits that no individual at Corephotonics having an official job title of "officer" or "director" also holds an "officer" or "director" official job title directly for Samsung Electronics Benelux B.V.

**REQUEST NO. 147:**

Admit that there are one or more individuals who are both an officer or director of You and an officer or director of Samsung Electronics Co., Ltd.

**RESPONSE TO REQUEST NO. 147:**

Corephotonics objects to this request as irrelevant and directed to defenses that the Court has not yet granted leave to add to this case. Corephotonics objects that this request is vague and ambiguous. The request is interpreted as being directed to individuals whose official job titles include the words "officer" or "director." Accordingly, this request is denied.

**REQUEST NO. 148:**

Admit that there are no individuals who are both an officer or director of You and an officer or director of Samsung Electronics Co., Ltd.

**RESPONSE TO REQUEST NO. 148:**

Corephotonics objects to this request as irrelevant and directed to defenses that the Court has not yet granted leave to add to this case. Corephotonics objects that this request is vague and ambiguous. The request is interpreted as being directed to individuals whose official job titles include "officer" or "director." Accordingly, Corephotonics admits that no individual at Corephotonics having an official job title of "officer" or "director" also holds an "officer" or "director" official job title directly for Samsung Electronics Co., Ltd.

**REQUEST NO. 149:**

Admit that there are one or more individuals who are both an officer or director of You and an officer or director of Samsung Group.

**RESPONSE TO REQUEST NO. 149:**

Corephotonics objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics denies this request as a result of being unable to determine the scope of this request.

RUSS, AUGUST & KABAT

**REQUEST NO. 150:**

Admit that there are no individuals who are both an officer or director of You and an officer or director of Samsung Group.

**RESPONSE TO REQUEST NO. 150:**

Corephotonics objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 151:**

Admit that there are one or more individuals who are both an officer or director of Samsung Electronics Co., Ltd and an officer or director of Samsung Electronics Benelux B.V.

**RESPONSE TO REQUEST NO. 151:**

Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Due to these objections, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 152:**

Admit that there are no individuals who are both an officer or director of Samsung Electronics Co., Ltd and an officer or director of Samsung Electronics Benelux B.V.

**RESPONSE TO REQUEST NO. 152:**

Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Due to these objections, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 153:**

Admit that there are one or more individuals who are both an officer or director of Samsung Group and an officer or director of Samsung Electronics Co., Ltd.

**RESPONSE TO REQUEST NO. 153:**

Corephotonics objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics objects that this request seeks information between two third-

RUSS, AUGUST & KABAT

party entities, including facts beyond the personal knowledge of Corephotonics. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 154:**

Admit that there are no individuals who are both an officer or director of Samsung Group and an officer or director of Samsung Electronics Co., Ltd.

**RESPONSE TO REQUEST NO. 154:**

Corephotonics objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 155:**

Admit that there are one or more individuals who are both an officer or director of Samsung Electro-Mechanics Co., Ltd. and an officer or director of Samsung Electronics Co., Ltd.

**RESPONSE TO REQUEST NO. 155:**

Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Due to these objections, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 156:**

Admit that there are no individuals who are both an officer or director of Samsung Electro-Mechanics Co., Ltd. and an officer or director of Samsung Electronics Co., Ltd.

**RESPONSE TO REQUEST NO. 156:**

Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Due to these objections, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 157:**

Admit that there are one or more individuals who are both an officer or director of Samsung Electro-Mechanics Co., Ltd. and an officer or director of Samsung Group.

**RESPONSE TO REQUEST NO. 157:**

Corephotonics objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 158:**

Admit that there are no individuals who are both an officer or director of Samsung Electro-Mechanics Co., Ltd. and an officer or director of Samsung Group.

**RESPONSE TO REQUEST NO. 158:**

Corephotonics objects that this request is vague and ambiguous and lacks foundation for "Samsung Group." Corephotonics objects that this request seeks information between two third-party entities, including facts beyond the personal knowledge of Corephotonics. Corephotonics denies this request as a result of being unable to determine the scope of this request.

**REQUEST NO. 159:**

Admit that the Polaroid a520 Camera was on sale prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 159:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics lacks personal knowledge of the first sale date, and on that basis, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 160:**

Admit that the Polaroid a520 Camera qualifies as prior art to the '712 Patent under 35 U.S.C. 102((a)(1).

**RESPONSE TO REQUEST NO. 160:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics further

objects that this request calls for a legal conclusion. Corephotonics lacks personal knowledge of the first sale date and further denies that this is "prior art."

**REQUEST NO. 161:**

Admit that the Kodak Tele Disc Camera was on prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 161:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics lacks personal knowledge of the first sale date, and on that basis, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 162:**

Admit that the Kodak Tele Disc Camera qualifies as prior art to the '712 Patent under 35 U.S.C. 102((a)(1).

**RESPONSE TO REQUEST NO. 162:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics further objects that this request calls for a legal conclusion. Corephotonics lacks personal knowledge of the first sale date and further denies that this is "prior art."

**REQUEST NO. 163:**

Admit that the Leica Elmar Lens was on sale prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 163:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics lacks personal knowledge of the first sale date, and on that basis, Corephotonics is unable to admit or deny this request.

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

**REQUEST NO. 164:**

Admit that the Leica Elmar Lens qualifies as prior art to the '712 Patent under 35 U.S.C. 102((a)(1).

**RESPONSE TO REQUEST NO. 164:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics further objects that this request calls for a legal conclusion. Corephotonics lacks personal knowledge of the first sale date and further denies that this is "prior art."

**REQUEST NO. 165:**

Admit that the Tele-Takumar Lens was on sale prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 165:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics lacks personal knowledge of the first sale date, and on that basis, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 166:**

Admit that the Tele-Takumar Lens qualifies as prior art to the '712 Patent under 35 U.S.C. 102((a)(1).

**RESPONSE TO REQUEST NO. 166:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics further objects that this request calls for a legal conclusion. Corephotonics lacks personal knowledge of the first sale date and further denies that this is "prior art."

**REQUEST NO. 167:**

Admit that the Nikon Nikkor Lens was on sale prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 167:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics lacks personal knowledge of the first sale date, and on that basis, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 168:**

Admit that the Nikon Nikkor Lens qualifies as prior art to the '712 Patent under 35 U.S.C. 102((a)(1).

**RESPONSE TO REQUEST NO. 168:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics further objects that this request calls for a legal conclusion. Corephotonics lacks personal knowledge of the first sale date and further denies that this is "prior art."

**REQUEST NO. 169:**

Admit that the Zuiko Lens was on sale prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 169:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics lacks personal knowledge of the first sale date, and on that basis, Corephotonics is unable to admit or deny this request.

**REQUEST NO. 170:**

Admit that the Zuiko Lens qualifies as prior art to the '712 Patent under 35 U.S.C. 102((a)(1).

**RESPONSE TO REQUEST NO. 170:**

RUSS, AUGUST & KABAT

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics further objects that this request calls for a legal conclusion. Corephotonics lacks personal knowledge of the first sale date and further denies that this is "prior art."

**REQUEST NO. 171:**

Admit that the iPhone 4S was on sale prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 171:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics admits that the iPhone 4S was offered for sale prior to July 4, 2013.

**REQUEST NO. 172:**

Admit that the iPhone 4S qualifies as prior art to the '712 Patent under 35 U.S.C. 102((a)(1).

**RESPONSE TO REQUEST NO. 172:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics further objects that this request calls for a legal conclusion. Corephotonics has no obligation to respond to estopped discovery. Corephotonics admits that the iPhone 4S was offered for sale prior to July 4, 2013, but otherwise denies that it is "prior art."

**REQUEST NO. 173:**

Admit that the iPhone 5 was on sale prior to July 4, 2013.

**RESPONSE TO REQUEST NO. 173:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no

PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

RUSS, AUGUST & KABAT

obligation to respond to estopped discovery. Corephotonics admits that the iPhone 5 was offered for sale prior to July 4, 2013.

**REQUEST NO. 174:**

Admit that the iPhone 5 qualifies as prior art to the '712 Patent under 35 U.S.C. 102((a)(1).

**RESPONSE TO REQUEST NO. 174:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics further objects that this request calls for a legal conclusion. Corephotonics has no obligation to respond to estopped discovery. Corephotonics admits that the iPhone 5 was offered for sale prior to July 4, 2013, but otherwise denies that it is "prior art."

**REQUEST NO. 175:**

Admit that the iPhone 5S was on sale prior to June 20, 2014.

**RESPONSE TO REQUEST NO. 175:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics has no obligation to respond to estopped discovery. Corephotonics admits that the iPhone 5 was offered for sale prior to June 20, 2014.

**REQUEST NO. 176:**

Admit that the iPhone 5S qualifies as prior art to the '712 Patent under 35 U.S.C. 102((a)(1).

**RESPONSE TO REQUEST NO. 176:**

Corephotonics objects to this request because it is directed to arguments on which Apple is estopped under 35 U.S.C. § 315(e)(2) from asserting in whole or in part that the '712 patent is invalid, and that all such requests are irrelevant and unduly burdensome. Corephotonics further objects that this request calls for a legal conclusion. Corephotonics has no obligation to respond to

RUSS, AUGUST & KABAT

estopped discovery. Corephotonics admits that the iPhone 5 was offered for sale prior to June 20, 2014, but otherwise denies that it is "prior art."

**REQUEST NO. 177:**

Admit that Corephotonics has not provided to Apple Personnel any source code for still mode fusion functionality.

**RESPONSE TO REQUEST NO. 177:**

Denied.

**REQUEST NO. 178:**

Admit that Corephotonics has not provided to Apple Personnel any source code for video mode smooth transition functionality.

**RESPONSE TO REQUEST NO. 178:**

Denied.

**REQUEST NO. 179:**

Admit that Corephotonics has not provided to Apple Personnel Corephotonics Telephoto Lens Design.

**RESPONSE TO REQUEST NO. 179:**

Denied.

DATED: November 6, 2023                    RUSS AUGUST & KABAT


By:    _/s/ Marc A. Fenster_
       Marc A. Fenster

       *Attorneys for Plaintiff*
       COREPHOTONICS, LTD.

RUSS, AUGUST & KABAT

**CERTIFICATE OF SERVICE**

I certify that counsel of record is being served on November 6, 2023, with a copy of this document via Electronic Mail on this date.

_/s/ Marc A. Fenster_