| | |
|---|---|
| 1 | COOLEY LLP |
| 2 | HEIDI KEEFE (176960) (HKEEFE@COOLEY.COM) |
| 3 | LOWELL MEAD (223989) (LMEAD@COOLEY.COM) |
| 4 | PRIYA B. VISWANATH (238089) (PVISWANATH@COOLEY.COM) |
| 5 | 3175 HANOVER STREET PALO ALTO, CA  94304 |
| 6 | TELEPHONE:    (650) 843-5000 FACSIMILE:     (650) 849-7400 |
| 7 | COOLEY LLP |
| 8 | STEPHEN SMITH (*PRO HAC VICE*) (STEPHEN.SMITH@COOLEY.COM) |
| 9 | PHILLIP MORTON (*PRO HAC VICE*) (PMORTON@COOLEY.COM) |
| 10 | 1299 PENNSYLVANIA AVENUE NW, SUITE 700 |
| 11 | WASHINGTON, DC 20004-2400 TELEPHONE:  (202) 842-7800 FACSIMILE:   (202) 842-7899 |
| 12 | |
| 13 | Attorneys for Defendant Apple Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD., | Case No.  5:18-cv-02555-JD |
| Plaintiff, | |
| v. | **FIRST AMENDED ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT** |
| APPLE INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**FIRST AMENDED ANSWER**

1.  Defendant Apple Inc. ("Apple"), answer the Amended Complaint filed by Plaintiff Corephotonics, Ltd. ("Corephotonics"). Each allegation not expressly admitted is denied. The following numbered paragraphs of this Answer correspond to the numbered paragraphs in the Amended Complaint, other than with respect to the affirmative defenses, counterclaims, jury demand set forth herein, and the Prayer for Relief.

**NATURE OF THE ACTION**

2.  Apple admits that this purports to be a civil action for patent infringement under 35 U.S.C. § 1, et seq.

3.  Apple admits that U.S. Patent No. 9,568,712 (the "'712 patent") is entitled "Miniature Telephoto Lens Assembly." Apple further admits that the face of the '712 patent indicates that it issued on February 14, 2017. Apple further admits that the face of the '712 patent indicates that Corephotonics was the assignee of the patent on the date of issuance, but Apple is without sufficient information to admit or deny whether Corephotonics is the legal owner of the '712 patent. Apple further admits that Exhibit A is a copy of the '712 patent. Except as expressly admitted, Apple denies the remaining allegations in paragraph 3.

4.  Apple admits that U.S. Patent No. 9,857,568 (the "'568 patent") is entitled "Miniature Telephoto Lens Assembly." Apple further admits that the face of the '568 patent indicates that it issued on January 2, 2018. Apple further admits that the face of the '568 patent indicates that Corephotonics was the assignee of the patent on the date of issuance, but Apple is without sufficient information to admit or deny whether Corephotonics is the legal owner of the '568 patent. Apple further admits that Exhibit B is a copy of the '568 patent. Except as expressly admitted, Apple denies the remaining allegations in paragraph 4.

5.  Apple denies the allegations in paragraph 5.

**THE PARTIES**

6.  Apple is without sufficient information to admit or deny the allegations in paragraph 6

1  and therefore denies them.

2      7.    Apple admits that Apple is a corporation organized and existing under the laws of the State of California. Apple denies that its principal place of business is 1 Infinite Loop, Cupertino, California. Apple's principal place of business is One Apple Park, Cupertino, California.

## JURISDICTION AND VENUE

    8.    Apple admits that based on the allegations in the First Amended Complaint, this Court would appear to have subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

    9.    Apple admits that it is subject to this Court's personal jurisdiction for the purposes of this action. Apple admits that it resides in and has its principal place of business in the Northern District of California. Apple denies that it has committed any acts of patent infringement. Apple admits that it has sold and offered for sale Apple products and services in the Northern District of California. Except as expressly admitted, Apple denies the remaining allegations in paragraph 9.

    10.    Apple admits that venue is proper in the Northern District of California for the purposes of this action. Apple admits that it resides in and has a place of business in this District. Apple denies that it has committed any acts of patent infringement. Except as expressly admitted, Apple denies the remaining allegations in paragraph 10.

## INTRADISTRICT ASSIGNMENT

    11.    Apple admits that Civil L.R. 3-2(c) states that cases involving "Intellectual Property Rights" are assigned on a district-wide basis. Except as expressly admitted, Apple denies the remaining allegations in paragraph 11.

## FACTUAL ALLEGATIONS

**A. Corephotonics' Alleged Dual Camera Technology Innovations**

    12.    Apple is without sufficient information to admit or deny the allegations in paragraph 12 and therefore denies them.

    13.    Apple is without sufficient information to admit or deny the allegations in paragraph 13 and therefore denies them.

14. Apple is without sufficient information to admit or deny the allegations in paragraph 14 and therefore denies them.

15. Apple is without sufficient information to admit or deny the allegations in paragraph 15 and therefore denies them.

16. Apple admits that certain United States patents appear to be assigned to Corephotonics, including the '712 and '568 patents (collectively, the "Asserted Patents"). Apple is without sufficient information to admit or deny the remaining allegations in paragraph 16 and therefore denies them.

17. Apple admits that the web site cited in Footnote 1 contains the first quotation listed in paragraph 17. Apple is without sufficient information to admit or deny the remaining allegations in paragraph 17 and therefore denies them.

18. Apple is without sufficient information to admit or deny the allegations in paragraph 18 and therefore denies them.

19. Apple admits that it had discussions with Corephotonics regarding potential business arrangements. Apple admits that it has independently developed and sold iPhones with two cameras. Apple denies that its independently developed iPhones with two cameras employ any Corephotonics intellectual property. Apple is without sufficient information to admit or deny the remaining allegations in paragraph 19 and therefore denies them.

**B. Apple's Alleged Interest in Corephotonics' Technology and Intellectual Property**

20. Apple admits that Apple personnel had discussions with Corephotonics personnel. Apple is without sufficient information to admit or deny the remaining allegations in paragraph 20 and therefore denies them.

21. Apple admits that Apple personnel attended meetings with Corephotonics personnel to discuss a potential business arrangement. Apple is without sufficient information to admit or deny the remaining allegations in paragraph 21 and therefore denies them.

22. Apple admits that Apple personnel attended meetings with Corephotonics personnel to discuss a potential business arrangement. Apple is without sufficient information to admit or deny the remaining allegations in paragraph 22 and therefore denies them.

23. Apple admits that Apple personnel attended meetings with Corephotonics personnel

to discuss a potential business arrangement.  Apple is without sufficient information to admit or deny the remaining allegations in paragraph 23 and therefore denies them.

24. Apple is without sufficient information to admit or deny the allegations in paragraph 24 and therefore denies them.

25. Apple is without sufficient information to admit or deny the allegations in paragraph 25 and therefore denies them.

26. Apple admits that Apple personnel attended meetings with Corephotonics personnel to discuss a potential business arrangement.  Apple is without sufficient information to admit or deny the allegations in paragraph 26 and therefore denies them.

27. Apple admits that Apple personnel attended meetings with Corephotonics personnel to discuss a potential business arrangement.  Apple is without sufficient information to admit or deny the allegations in paragraph 27 and therefore denies them.

28. Apple is without sufficient information to admit or deny the allegations in paragraph 28 and therefore denies them.

29. Apple is without sufficient information to admit or deny the allegations in paragraph 29 and therefore denies them.

30. Apple is without sufficient information to admit or deny the allegations in paragraph 30 and therefore denies them.

31. Apple is without sufficient information to admit or deny the allegations in paragraph 31 and therefore denies them.

32. Apple admits that it announced the iPhone 7 Plus on September 7, 2016.  Apple admits that the iPhone 7 Plus included a dual camera configuration.  Apple further admits that the iPhone 7 Plus included a telephoto lens.  Apple is without sufficient information to admit or deny the remaining allegations in paragraph 32 and therefore denies them.

33. Apple admits that Apple personnel attended meetings with Corephotonics personnel to discuss a potential business arrangement.  Apple is without sufficient information to admit or deny the allegations in paragraph 33 and therefore denies them.

34. Apple is without sufficient information to admit or deny the allegations in paragraph

1   34 and therefore denies them.

2   35.     Apple admits that Corephotonics sent an email on or about October 31, 2017 alleging that the iPhone 7 Plus and iPhone 8 Plus allegedly infringed, among other patents, the '712 patent, but the email provided no information supporting Corephotonics' allegations.  Apple admits that the '568 patent did not issue until January 2, 2018.  Apple denies the allegation that Apple did not respond to Corephotonics' October 31, 2017 email.  Except as expressly admitted, Apple denies the remaining allegations in paragraph 35.

36.     Apple admits that Corephotonics filed the original Complaint in *Corephotonics, Ltd. v. Apple Inc.*, Case No. 5:17-cv-06457-LHK on November 6, 2017 (the "*Corephotonics I* Complaint") and that case is pending before the Honorable Judge Lucy Koh.  Apple admits that the *Corephotonics I* Complaint alleged that the iPhone 7 Plus infringed the '712 patent.   Except as expressly admitted, Apple denies the remaining allegations in paragraph 36.

37.     Apple admits that Corephotonics sent a letter alleging that the iPhone X infringes the '712 and '568 patents and that the iPhone 7 Plus and iPhone 8 Plus infringes the '568 patent, but the letter provided no information supporting Corephotonics' allegations.  Except as expressly admitted, Apple denies the remaining allegations in paragraph 37.

**C. Apple's Alleged Analysis of Corephotonics' Patents and Patent Applications During Apple's Pursuit of its Own Patents**

38.     Apple admits that its sought patent protection for its own inventions.  Apple does not understand Corephotonics' allegation that "During this time, Corephotonics' patents and related patent applications were significant in the art," and therefore denies the allegation.  Apple is without sufficient information to admit or deny the remaining allegations in paragraph 38 and therefore denies them.

39.     Apple admits that it filed U.S. Patent Application No. 14/069,027 (the "'027 application").  Apple admits that the '027 application later issued as U.S. Patent No. 9,223,118.  Apple admits that an office action was issued dated February 18, 2015 rejecting the pending claims in the '027 application based on U.S. Pat. App. Pub. No. 2015/0029601A1 (the "Dror application").  Apple admits that the Dror application claims priority to the same patent application as the '712 and '568

patents. Apple admits that it responded to the February 18, 2015 office action on May 15, 2015 and addressed the rejection based on the Dror application. Apple admits that Romeo Mercado is a named inventor on the '027 application. Apple admits that Romeo Mercado was employed by Apple at the time of the introduction of the iPhone 7 Plus. Apple denies that Romeo Mercado is currently an employee of Apple. Apple is without sufficient information to admit or deny the remaining allegations in paragraph 39 and therefore denies them.

40. Corephotonics does not identify which application it is referring to when it uses the short form "'720 application." Therefore, Apple is without sufficient information to admit or deny the allegations in paragraph 40 and therefore denies them.

41. Corephotonics does not identify which application it is referring to when it uses the short form "'720 application," "'716 application" or "'136 application." Therefore, Apple is without sufficient information to admit or deny the allegations in paragraph 41 and therefore denies them.

### FIRST CAUSE OF ACTION

### Alleged Infringement of Patent No. 9,568,712

42. Apple incorporates its responses to the foregoing paragraphs as though fully set forth herein.

43. Apple denies the allegations in paragraph 43.

44. Apple denies that it infringes any valid claim of the '712 patent and therefore denies the allegations in paragraph 44.

45. Apple denies that it has infringed or continues to infringe the '712 patent. Apple denies that any alleged infringement of the '712 patent has been or continues to be wanton, deliberate, egregious, and willful. In view of the lack of specificity in the remaining allegations in paragraph 45, Apple is without sufficient information to admit or deny the remaining allegations in paragraph 45 and therefore denies them.

46. Apple admits that Corephotonics sent an email on or about October 31, 2017 alleging that the iPhone 7 Plus and iPhone 8 Plus allegedly infringed, among other patents, the '712 patent, but the email provided no information supporting Corephotonics' allegations. Apple admits that Corephotonics filed the original Complaint in *Corephotonics, Ltd. v. Apple Inc.*, Case No. 5:17-cv-

1  06457-LHK on November 6, 2017 (the "*Corephotonics I* Complaint"). Apple admits that the *Corephotonics I* Complaint alleged that the iPhone 7 Plus infringed the '712 patent. Apple admits that before this action was filed, Corephotonics sent a letter alleging that the iPhone X infringes the '712 patent, but the letter provided no information supporting Corephotonics' allegations. Except as expressly admitted, Apple denies the remaining allegations in paragraph 46.

47.  Apple denies the allegations in paragraph 47.

48.  Apple denies the allegations in paragraph 48.

49.  Apple denies the allegations in paragraph 49.

50.  Apple denies the allegations in paragraph 50.

51.  Apple admits that it publishes information about and provides instructions to end users about the telephoto lens functionality in the iPhone X. Apple further admits that it discussed the telephoto lens functionality of the iPhone X at the website: https://www.apple.com/iphone-x/. Apple further admits that video tutorials about photography with Apple iPhone products are available, including a video titled "How to compose with telephoto camera" available at: https://www.apple.com/iphone/photography-how-to/. Apple denies the remaining allegations in paragraph 51.

52.  Apple denies the allegations in paragraph 52.

53.  Apple denies the allegations in paragraph 53.

54.  Apple denies the allegations in paragraph 54

## SECOND CAUSE OF ACTION

**Alleged Infringement of Patent No. 9,857,568**

55.  Apple incorporates its responses to the foregoing paragraphs as though fully set forth herein.

56.  This patent is no longer part of the case and has been found invalid. To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 56.

57.  This patent is no longer part of the case and has been found invalid. To the extent a response is still necessary, Apple responds as follows: Apple denies that it infringes any valid claim

of the '568 patent and therefore denies the allegations in paragraph 57.

58. This patent is no longer part of the case and has been found invalid. To the extent a response is still necessary, Apple responds as follows: Apple denies that it infringes any valid claim of the '568 patent and therefore denies the allegations in paragraph 58.

59. This patent is no longer part of the case and has been found invalid. To the extent a response is still necessary, Apple responds as follows: Apple denies that it has infringed or continues to infringe the '568 patent. Apple denies that any alleged infringement of the '568 patent has been or continues to be wanton, deliberate, egregious, and willful. In view of the lack of specificity in the remaining allegations in paragraph 59, Apple is without sufficient information to admit or deny the remaining allegations in paragraph 59 and therefore denies them.

60. This patent is no longer part of the case and has been found invalid. To the extent a response is still necessary, Apple responds as follows: Apple admits that Corephotonics filed the original Complaint in *Corephotonics, Ltd. v. Apple Inc.*, Case No. 5:17-cv-06457-LHK on November 6, 2017 (the "*Corephotonics I* Complaint"). Apple admits that the *Corephotonics I* Complaint alleged that the iPhone 7 Plus infringed the '712 patent. Apple admits that before this action was filed, Corephotonics sent a letter alleging that the iPhone 7 Plus and iPhone 8 Plus infringes the '712 patent, but the letter provided no information supporting Corephotonics' allegations. Except as expressly admitted, Apple denies the remaining allegations in paragraph 60.

61. This patent is no longer part of the case and has been found invalid. To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 61.

62. This patent is no longer part of the case and has been found invalid. To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 62.

63. This patent is no longer part of the case and has been found invalid. To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 63.

64. This patent is no longer part of the case and has been found invalid. To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 64.

65. This patent is no longer part of the case and has been found invalid. To the extent a response is still necessary, Apple responds as follows: Apple admits that it publishes information about

1  and provides instructions to end users about the telephoto lens functionality in the iPhone 7 Plus, iPhone 8 Plus and iPhone X.  Apple further admits that it discussed the telephoto lens functionality of the iPhone X at the website: https://www.apple.com/iphone-x/.  Apple further admits that it discusses the telephoto lens functionality of the iPhone 7 Plus and iPhone 8 Plus at the websites: https://www.apple.com/iphone-7/specs/ and https://www.apple.com/iphone-8/specs/.  Apple further admits that video tutorials about photography with Apple iPhone products are available, including a video titled "How to compose with telephoto camera" available at: https://www.apple.com/iphone/photography-how-to/.  Apple further admits that it discussed the benefits of the telephoto lens functionality in the iPhone 7 Plus in the video available at the following URL: https://www.youtube.com/watch?v=NS0txu_Kzl8.  As of the date of this Answer, no video is available at the following URL: https://www.youtube.com/watch?v=Q6dsRpVyyWs; therefore, Apple is without sufficient information to admit or deny the allegation relating to this URL. Apple denies the remaining allegations in paragraph 65.

66.  This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 66.

67.  This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 67.

68.  This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 68.

**RESPONSE TO PRAYER FOR RELIEF**

Apple incorporates by reference all preceding paragraphs of this answer as if fully set forth herein. Apple denies any and all allegations of patent infringement alleged in the Complaint. Apple denies all allegations that Plaintiff is entitled to any relief requested in paragraphs "A" to "F" of the Complaint's Prayer for relief, or any other relief.

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Apple asserts the following defenses to the Complaint and reserves its right to assert additional defenses.

### FIRST DEFENSE – NON-INFRINGEMENT

Apple does not infringe and has not infringed any asserted claim of the Asserted Patents. The accused Apple products do not satisfy the requirements of the asserted claims, and the asserted claims are invalid and therefore cannot be infringed. In addition, on information and belief, Apple cannot be found to infringe any asserted claim of the Asserted Patents after Corephotonics' acquisition by Samsung Electronics Benelux B.V. based ███████████████████████████████
███████████████████████████████████████████████████████████

### SECOND DEFENSE – INVALIDITY

All asserted claims of the Asserted Patents are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 101 et seq., including, but not limited to §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE – EQUITABLE DEFENSES

Corephotonics' claims are barred, in whole or in part, by estoppel, acquiescence, waiver, unclean hands, and/or other equitable defenses. For example, on information and belief, Corephotonics is estopped from pursuing its claims for infringement of the Asserted Patents based on ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

1  ████████████████████████████████████████
2  ████████████████████████████████████████
3  ████████████████████████████████████████
4  ████████████████████████████████████████
5  ████████████████████████████████████████
6  ████████████████████████████████████████
7  ████████████████████████████████████
8  ███████████████████████████████

9   In 2019, Corephotonics was acquired by Samsung Electronics Benelux B.V. ("Samsung Benelux"). On information and belief, Corephotonics and ███ are both controlled by or under common control with Samsung Electronics Co., Ltd. ("SEC") and/or the Samsung Group. For example, SEC reports in its financial statements that it is the holder of 100% ownership in (1) Samsung Benelux and (2) Corephotonics, where the percentage ownership "represents [SEC's] ownership of the voting rights in each entity, including subsidiaries' ownerships." *See* Samsung Electronics Co., Ltd. 2022 Business Report for the year ended December 31, 2022. Similarly, ███ identifies SEC as a "related party" and a company "with significant influence" on ███. *See* ████████████████████. ███ SEC and ███ have also been identified as affiliates of the Samsung Group. A business group, like the Samsung Group, is defined under applicable Korean law as "a group of companies the business of which is substantially controlled by" the same person and/or company. *See* https://elaw.klri.re.kr/eng_mobile/viewer.do?hseq=41658&type=sogan&key=38.

 Apple has performed all obligations under the underlying agreement ████████████████████████████████████████████████████████████████████████████████. Accordingly, as of the date of Samsung Benelux's acquisition of Corephotonics, the Patents-in-Suit ████████████████████████████████████████████████████████████████

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." Apple is materially prejudiced by Corephotonics' continued assertion of the Patents-in-Suit despite this ▓▓▓▓▓▓▓▓▓▓▓▓.

On information and belief, Corephotonics' claims in this action are also barred by the doctrine of unclean hands. Corephotonics has been aware of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, yet Corephotonics has acted unfairly and/or fraudulently regarding its claims of patent infringement in this action. Corephotonics has not only refused to acknowledge its obligations to Apple, but Corephotonics and its related Samsung entities have also improperly resisted Apple's discovery efforts to obtain information about Corephotonics' relationship with SEC and other Samsung entities. Corephotonics' conduct directly relates to the claims being asserted against Apple in that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ would provide a complete defense. Corephotonics' actions have injured Apple, at least because Apple has been forced to continue to defend against Corephotonics' meritless claims.

### FOURTH DEFENSE – NO WILLFULNESS

Corephotonics is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to allege egregious conduct on the part of Apple, which is prerequisite for a finding of willfulness and an award of enhanced damages.

### FIFTH DEFENSE – LIMITATION ON DAMAGES

Corephotonics' claims for costs and/or damages are barred, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288. On information and belief, Corephotonics' claims for costs and/or damages are also limited by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

### RESERVATION OF RIGHTS

Apple hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

### PRAYER FOR RELIEF

WHEREFORE, Apple prays that this Court enter judgment:

A. In favor of Apple, and against Corephotonics, thereby dismissing Corephotonics' Complaint in its entirety, with prejudice, with Corephotonics taking nothing by way of its claims;

B. That Apple has not infringed, and is not now infringing any valid claim of the Asserted Patents, under any subsection of 35 U.S.C. § 271;

C. That all asserted claims of the Asserted Patents are invalid and/or unenforceable;

D. That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Corephotonics to pay Apple's reasonable attorneys' fees incurred in this action;

E. That Corephotonics pay all costs incurred by Apple in this action; and awarding Apple all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Apple respectfully requests a trial by jury on all issues so triable.

| | | |
|---|---|---|
| 1 | Dated: December 22, 2023 | COOLEY LLP |
| 2 | | /s/ Heidi Keefe |
| 3 | | HEIDI KEEFE (176960)<br>(hkeefe@cooley.com)<br>LOWELL MEAD (223989) |
| 4 | | (lmead@cooley.com)<br>PRIYA B. VISWANATH (238089) |
| 5 | | (pviswanath@cooley.com)<br>3175 Hanover Street |
| 6 | | Palo Alto, CA  94304<br>Telephone:   (650) 843-5000 |
| 7 | | Facsimile:    (650) 849-7400 |
| 8 | | COOLEY LLP<br>STEPHEN SMITH (*Pro hac vice*) |
| 9 | | (stephen.smith@cooley.com)<br>PHILLIP MORTON (*Pro hac vice*) |
| 10 | | (pmorton@cooley.com)<br>1299 Pennsylvania Avenue |
| 11 | | NW, Suite 700<br>Washington, DC 20004-2400 |
| 12 | | Telephone:  (202) 842-7800<br>Facsimile:    (202) 842-7899 |
| 13 | | |
| 14 | | *Attorneys for Defendant Apple Inc.* |

# CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on December 22, 2023, with a copy of this document via the2 Court's CM/ECF system per Local Rules.  Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or first class mail on this date.

By:  */s/ Heidi Keefe*